IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1030 T<br>Judge Margolis |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

# ANSWER

COMES NOW the defendant, the United States of America, in answer to the complaint filed on November 26, 2005, in the above-entitled case. The United States respectfully denies each and every allegation contained in the complaint that is not expressly admitted below.

The United States further:

1. Admits that paragraph 1 is an accurate statement of the plaintiff's claim. Avers that jurisdiction, if it exists, arises under 28 U.S.C. § 1491(a)(1). Denies that any sum has been erroneously collected from the plaintiff for the 1991 through 1995 tax years.

2. Avers that jurisdiction, if it exists, arises under 28 U.S.C. § 1491(a)(1).

3. Admits that the employer identification number of Highmark, Inc., is 23-1294723. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained

in paragraph 3.

4. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 4. Admits that the allegation contained in the second sentence of paragraph 4 is an accurate statement of the plaintiff's claims.

5. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 5.

6. Admits that the allegation contained in paragraph 6 is an accurate description of the complaint.

7. Admits the allegation contained in paragraph 7.

8. Avers that the allegations contained in paragraph 8 constitute legal conclusions to which no response is required.

9. Admits the allegation contained in paragraph 9.

10. Admits that the plaintiff seeks to recover a sum of at least $21,329,919, or such other amount as provided by law, plus interest thereon as provided by law. Denies that such sum represents an overpayment by the plaintiff of federal income tax for its tax years ending December 31, 1991, through December 31, 1995.

11. Avers that the allegation that the plaintiff timely filed a federal income tax return for each of the 1991 through 1995 tax years constitutes a legal conclusion to which no response is required. Avers that the plaintiff's federal income tax returns for the 1991 through 1995 tax years were filed on

September 22, 1992, September 21, 1993, September 15, 1994, September 19, 1995, and September 19, 1996, respectively.

12. Avers that the IRS's Certificates of Assessments and Payments show that Highmark has an outstanding balance for the 1995 tax year in the amount of $697.267.13. Admits the remainder of the allegations contained in paragraph 12.

13. Admits the allegation contained in the third sentence of paragraph 13. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Avers that the allegation that the plaintiff timely filed refund claims constitutes a legal conclusion to which no response is required. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16–18. Avers that the allegations contained in paragraphs 16 through 18 constitute legal conclusions to which no response is required.

19. Admits the allegation contained in the second sentence of paragraph 19. Avers that the remaining allegations contained in paragraph 19 constitute legal conclusions to which no response is required.

20. Admits the allegation contained in paragraph 20.

21–23. Avers that its attorneys currently lack the knowledge or information sufficient

to form a belief as to the truth of the allegations contained in paragraphs 21 through 23.

24–27. Avers that the allegations in paragraphs 24 through 27 constitute legal conclusions to which no response is required. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 through 27.

28. Avers that the allegation contained in paragraph 28 constitutes a legal conclusions to which no response is required.

29. Avers that the allegations contained in paragraph 29 constitute legal conclusions to which no response is required. Avers that its attorneys currently lack the knowledge or information necessary to form a belief as to the truth of the allegations contained in paragraph 29.

30. Avers that its attorneys currently lack the knowledge or information necessary to form a belief as to the truth of the allegations contained in paragraph 30.

31. Denies that the plaintiff overpaid tax for the tax year 1991. Avers that its attorneys currently lack the knowledge or information necessary to form a belief as to the truth of the remaining allegations contained in paragraph 31. Avers that the allegations contained in paragraph 31 constitute legal conclusions to which no response is required.

32. Avers that the allegations contained in paragraph 32 constitute legal conclusions to which no response is required. Avers that its attorneys currently lack the knowledge or information necessary to form a belief as to the truth of

the allegations contained in paragraph 32.

33. Avers that the allegation contained in the first sentence of paragraph 33 constitutes a legal conclusion to which no response is required.

a. Admits that the plaintiff filed a claim for refund for the 1991 tax year. Avers that such claim was filed on September 19, 1995. Avers that its attorneys currently lack the knowledge or information to form a belief as to the truth of the allegation that the plaintiff filed a revised claim during November 1998. Avers that its attorneys currently lack the knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of subparagraph 33.a. Avers that the remaining allegations in subparagraph 33.a constitute legal conclusions to which no response is required.

b. Admits the allegations contained in the first sentence of subparagraph 33.b. Admits that Exhibit A of the complaint constitutes a true and correct copy of the Statutory Notice of Claim Disallowance for the 1992 through 1996 tax years. States that the remaining allegations contained in subparagraph 33.b constitute legal conclusions to which no response is required.

34. Avers that the allegation that the plaintiff's tax return for the 1991 tax year was timely filed constitutes a legal conclusion to which no response is required. Avers that the plaintiff filed its tax return for the 1991 tax year on September 22, 1992. Admits the remaining allegations contained in paragraph 34.

35. Admits the allegations contained in subparagraphs 35.a, 35.b, 35.d, 35.e, and 35.f. Avers that the IRS received from the plaintiff a payment of $3,500,000 of estimated tax on June 18, 1991.

36. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 36. Avers that the allegations contained in the first sentence of paragraph 36 constitute legal conclusions to which no response is required.

a. Admits the allegation contained in subparagraph 36.a.

b. Admits that the plaintiff filed a Form 1120X, Amended U.S. Corporation Income Tax Return, for the 1991 tax year with the Internal Revenue Service Center at Philadelphia, Pennsylvania. Avers that the Form 1120X for the 1991 tax year was filed on September 19, 1995. Admits that the Form 1120X for the 1991 tax year made a claim for refund based on the losses described in the first sentence of paragraph 36. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in subparagraph 36.b.

c. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraph 36.c.

37. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38. Avers that the allegations contained in paragraph 38 constitute legal conclusions to which no response is required.

39. Avers that the allegation that the plaintiff's tax return for the 1992 tax year was timely filed constitutes a legal conclusion to which no response is required. Avers that the plaintiff filed its tax return for the 1992 tax year on September 21, 1993. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40.

41. Denies the allegation that the plaintiff is entitled to deductions of at least $12,341,374 under Code § 165 for the 1992 tax year. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 41. Avers that the allegations contained in the first sentence of paragraph 41 constitute legal conclusions to which no response is required.

a. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegation contained in subparagraph 41.a.

b. Admits the allegations contained in subparagraph 41.b.

c. Avers that its attorneys currently lack the knowledge or information

sufficient to form a belief as to the truth of the allegations contained in subparagraph 41.c.

42. Denies that the IRS erroneously determined that the losses described in subparagraphs 41.a through 41.c were not deductible. Admits the remaining allegations contained in paragraph 42. Admits that Exhibit A of the complaint constitutes a true and correct copy of the Statutory Notice of Claim Disallowance for the 1992 tax year.

43. Denies the allegations contained in paragraph 43.

44. Avers that the allegation that the plaintiff's tax return for the 1993 tax year was timely filed constitutes a legal conclusion to which no response is required. Avers that the plaintiff filed its tax return for the 1993 tax year on September 15, 1994. Admits the remaining allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45.

46. Denies the allegation that the plaintiff is entitled to deductions of at least $9,753,960 under Code § 165 for the 1993 tax year. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 46. Avers that the allegations contained in the first sentence of paragraph 46 constitute legal conclusions to which no response is required.

a. Admits the allegations contained in subparagraphs 46.a.

b–c. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in

subparagraphs 46.b and 46.c.

47. Denies that the IRS erroneously determined that the losses described in subparagraphs 46.a through 46.c were not deductible. Admits the remaining allegations contained in paragraph 47. Admits that Exhibit A of the complaint constitutes a true and correct copy of the Statutory Notice of Claim Disallowance for the 1993 tax year.

48. Denies the allegations contained in paragraph 48.

49. Avers that the allegation that the plaintiff's tax return for the 1994 tax year was timely filed constitutes a legal conclusion to which no response is required. Avers that the plaintiff filed its tax return for the 1994 tax year on September 19, 1995. Avers that the address appearing on that return was 1800 Center Street, Camp Hill, PA 17089. Admits the remaining allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50.

51. Denies the allegation that the plaintiff is entitled to deductions of at least $11,682,885 under Code § 165 for the 1994 tax year. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 51. Avers that the allegations contained in the first sentence of paragraph 51 constitute legal conclusions to which no response is required.

a. Admits the allegations contained in subparagraph 51.a.

b–c. Avers that its attorneys currently lack the knowledge or information

sufficient to form a belief as to the truth of the allegations contained in subparagraphs 51.b and 51.c.

52. Denies that the IRS erroneously determined that the losses described in subparagraphs 51.a through 51.c were not deductible. Admits the remaining allegations contained in paragraph 52. Admits that Exhibit A of the complaint constitutes a true and correct copy of the Statutory Notice of Claim Disallowance for the 1994 tax year.

53. Denies the allegations contained in paragraph 53.

54. Avers that the allegation that the plaintiff's tax return for the 1995 tax year was timely filed constitutes a legal conclusion to which no response is required. Avers that the plaintiff filed its tax return for the 1995 tax year on September 19, 1996. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54.

55. Avers that the IRS's Certificates of Assessments and Payments show that Highmark has an outstanding balance for the 1995 tax year in the amount of $697.267.13. Admits the remainder of the allegations contained in paragraph 55.

56. Denies the allegation that the plaintiff is entitled to deductions of at least $8,748,047 under Code § 165 for the 1995 tax year. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph

56. Avers that the allegations contained in the first sentence of paragraph 56 constitute legal conclusions to which no response is required.

a–b. Avers that its attorneys currently lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraphs 56.a and 56.b.

57. Denies that the IRS erroneously determined that the losses described in subparagraphs 56.a through 56.c were not deductible. Admits the remaining allegations contained in paragraph 57. Admits that Exhibit A of the complaint constitutes a true and correct copy of the Statutory Notice of Claim Disallowance for the 1995 tax year.

58. Denies the allegations contained in paragraph 58.

59. Denies the allegation that the plaintiff has overpaid its federal income tax for the tax years 1992 through 1995. Avers that its attorneys currently lack the knowledge or information necessary to form a belief as to the truth of the allegation that the plaintiff has overpaid its federal income tax for the tax year 1991. Avers that the allegations contained in paragraph 59 constitute legal conclusions to which no response is required.

60–61. Avers that its attorneys currently lack the knowledge or information necessary to form a belief as to the truth of the allegations contained in paragraphs 60 and 61.

WHEREFORE, the defendant prays that the plaintiff take nothing by this complaint, that the costs be taxed against the plaintiff, and that the Court award the United States of America such other and further relief as the Court deems appropriate, including costs.

Respectfully submitted,

/s Karen Servidea

KAREN SERVIDEA

Attorney of Record
U.S. Justice Dept., Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-3423
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
W. C. RAPP
Senior Trial Attorney

/s W.C. Rapp
Of Counsel

March 25, 2006