IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1030 T<br>Judge Margolis |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC Appendix A, Part III, paragraph 4, RCFC, the parties hereby provide the Joint Preliminary Status Report:

1. Jurisdiction:

Plaintiff: The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a).

Defendant: Defendant does not have sufficient knowledge or information at this time to determine whether the Court has jurisdiction over this action. Plaintiff seeks a refund of corporate income taxes paid for tax years 1991 through 1995. For this Court to have jurisdiction over a refund suit, the plaintiff must have filed refund claims for the years at issue with the Internal Revenue Service within the period of limitation provided by the Internal Revenue Code. I.R.C. §§ 6511, 7422. Defendant has not yet confirmed that plaintiff filed timely refund claims for all of the years at issue, and will undertake further investigation and discovery.

2. Consolidation:

There is no other case that should be consolidated with this case.

3. Bifurcation of liability and damages:

This is a tax refund suit and there are no "damages" per se at issue. If the Court enters judgment for plaintiff, the parties would endeavor to stipulate to the amount of any refund due.

4. Deferral of proceedings:

The substantive issues raised by this case are also raised in (1) Blue Cross and Blue Shield of Wyoming v. United States, Civil Action No. 04-1791 T, which is pending before Judge Braden of this Court, (2) Hospital Service Association of Northeastern Pennsylvania, Civil Action No. 05-503 T, which is pending before Judge Wheeler of this Court, and (3) Wellpoint, Inc. v. United States, Civil Action No. 06-147 T, which is pending before Chief Judge Damich of this Court. At present, however, the defendant does not wish to defer further proceedings in this case pending the outcome of the other pending cases.

5. Remand or suspension:

Not applicable as this is a tax refund suit.

6. Additional parties:

The parties know of no additional parties to be joined.

7. Dispositive motions:

Plaintiff: At this time, the plaintiff does not intend to file a motion pursuant to RCFC Rules 12 or 56 but reserves the right to file such a motion.

Defendant: It is possible that defendant will file a motion to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction for one or more of the tax years at issue. Such motion would be based on the jurisdictional issues raised in defendant's response number 1, above, and will not be necessary if defendant's further investigation resolves those issues

satisfactorily. It is also possible that defendant will file a motion pursuant to RCFC 56, based on either or both issues (1) and (2) described in defendant's response number 8, below.

8. Factual and legal issues:

Plaintiff: The relevant issue is whether Highmark, Inc., is entitled to deductions claimed under 26 U.S.C. § 165 for losses sustained upon the termination of healthcare coverage contracts in the years at issue. Resolution of this issue raises the following sub-issues:

a. Whether upon the termination of each contractual relationship, there was a closed and completed transaction pursuant to which the contracts became worthless.

b. For purposes of determining the adjusted basis for each contractual relationship lost in the years at issue, what is the fair market value of that asset as of January 1, 1987.

Defendant: The issue in a tax refund case is whether the plaintiff can establish an overpayment of taxes in the year(s) before the court. See Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. Cl. 276, 340 F.2d 624 (1965).

The Government has identified the following two subsidiary legal issues: (1) whether the cancellations or terminations of plaintiff's health care contracts qualify as losses under § 1012(c)(3)(A)(ii) of the Tax Reform Act of 1986 and Internal Revenue Code § 165; and (2) whether plaintiff's claimed deductions for the loss of its health care contracts constituted a change of accounting method such as would require the consent of the Secretary of the Treasury pursuant to I.R.C. § 446(e). One subsidiary factual issue is also present: (3) if the cancellations or terminations of plaintiff's health care contracts may legally qualify as losses, whether plaintiff can adequately value such losses for the purposes of substantiating its loss deduction claims for each individual cancelled or terminated health care contract.

9. Settlement:

The parties intend to explore the possibility of settlement. Alternative dispute resolution is not contemplated by the parties at this time.

10. Trial:

Absent settlement, the parties anticipate that a trial will be necessary. At this time, neither party requests an expedited trial schedule.

11. Special issues:

There are no special issues regarding electronic case management needs.

12. Other information:

The statutes and regulations at issue in this case were litigated in two reported cases, Capital Blue Cross v. Commissioner, 431 F.3d 117 (3d Cir. 2005), and Trigon Ins. Co. v. United States, 215 F. Supp. 2d 687 (E.D. Va. 2002), supplemented at 234 F. Supp. 2d 581 (E.D. Va. 2002).

13. Schedule:

If defendant decides to file a motion under RCFC 12(b) or 56, it will do so by November 30, 2006. Fact discovery will be concluded on January 31, 2007. Plaintiff anticipates relying on an expert witness in this case. Plaintiff will produce its expert witness report (or reports if there is more than one witness) pursuant to RCFC 26(a)(2)(B) to defendant by March 5, 2007. Expert discovery, including discovery of facts upon which expert reports are based, will begin on March 5, 2007. If defendant decides to present its own expert witness, the expert report of such witness (or witnesses) will be produced by May 28, 2007. If the plaintiff produces a rebuttal expert report, it must do so by July 30, 2007. If the defendant produces a surrebuttal report, it must do

so by August 17, 2007. Expert depositions and further expert discovery will conclude on September 29, 2007.

| **Event** | **Deadline** |
|---|---|
| Defendant's RCFC 12(b) and 56 motion(s) | November 30, 2006 |
| Fact Discovery | January 31, 2007 |
| Plaintiff's Expert Report(s) | March 5, 2007 |
| Defendant's Expert Report(s) | May 28, 2007 |
| Plaintiff's Rebuttal Report | July 30, 2007 |
| Defendant's Surrebuttal Report | August 17, 2007 |
| Expert Depositions/ Further Expert Discovery | September 29, 2007 |

Respectfully submitted,

/s Karen Servidea
*Attorney of Record*
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
Phone: (202) 616-3423
Facsimile: (202) 514-9440

Counsel for Defendant

Eileen J. O'Connor
*Assistant Attorney General*
David Gustafson
*Acting Chief, Court of Federal Claims Section*
W. C. Rapp
*Senior Trial Attorney*

/s W. C. Rapp
Of Counsel

/s Arthur Newbold
Arthur Newbold
Dechert LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104-2857
Phone: (215) 994-2624
Facsimile: (215) 994-2222

Counsel for Plaintiff

Of Counsel:

Frederick J. Gerhart
James J. Spadaro, Jr.
Andrea L. Yeadon
Dechert LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104-2857

Date: May 9, 2006