**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Civil Action No. 05-1030 T<br>Judge Margolis |

**PLAINTIFF'S CONSENTED TO MOTION FOR PROTECTIVE ORDERS**

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, Plaintiff Highmark, Inc., successor in interest to Pennsylvania Blue Shield and Subsidiaries, ("Plaintiff" or "PBS") respectfully requests that the Court enter the Protective Order and the HIPAA Protective Order attached to this motion and agreed to by the parties, and in support of this motion states as follows:

1. Defendant has propounded various discovery requests on Plaintiff, including interrogatories, requests for the production of documents, and requests for admission.

2. Some of these requests seek information that is confidential and proprietary to Plaintiff, including Plaintiff's non-public financial documents and documents reflecting business strategies. Plaintiff contends that the release of such information could cause it significant competitive harm.

3. Some of Defendant's discovery requests also seek information that is "protected health information" as that term is defined in the regulations implementing the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA"). See 45 C.F.R. § 160.103.

4. Each party to this lawsuit desires to give appropriate protection to such confidential information without imposing undue burdens on the Court or on the other party and its counsel, and therefore agree that protective orders relating to such material are appropriate.

5. The parties have also agreed on the form for a Protective Order covering Plaintiff's confidential and proprietary information and on the form for a HIPAA Protective Order covering protected health information.

WHEREFORE, Plaintiff, with Defendant's consent, requests that this Court grant this motion and enter the Protective Order and the HIPAA Protective Order in the forms attached hereto.

Respectfully submitted,

Arthur Newbold
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone (215) 994-2624
Fax (215) 655-2624
Counsel for Plaintiff

Date: November 20, 2006

Of Counsel:

Frederick J. Gerhart
James J. Spadaro, Jr.
Andrea M. Kirshenbaum
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document has, this 20th day of November, 2006, been made on the Defendant's attorney by mailing a copy thereof to the following address:

Karen E. Servidea, Esquire
U.S. Department of Justice
Tax Division Court of Federal Claims Section, JCB/8804
555 4th Street, N.W.
Washington, D.C. 20001

Andrea M. Kirshenbaum

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Civil Action No. 05-1030 T<br>Judge Margolis |

**HIPAA PROTECTIVE ORDER**

The Court has determined that certain information disclosed orally or in writing during this action may be "protected health information," as that term is defined in the regulations implementing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). See 45 C.F.R. § 160.103 (2004). To address this concern, the Court orders the parties to comply with the following rules, which incorporate the definitions contained in 45 C.F.R. § 160.103 (2004).

1. Each party in this case is permitted to disclose protected health information to the other party and to the persons and entities listed in paragraph 4 hereof, without giving notice to the individuals whose health information is to be disclosed. A party does not need to designate any information as protected health information. All protected health information disclosed in this case shall be treated in accordance with this Order without regard to any designation.

2. Except as otherwise permitted by HIPAA and its implementing regulations, the parties and any other persons or entities to whom protected health information is

disclosed pursuant to paragraph 4 hereof shall not use or disclose such protected health information for any purpose other than the present litigation.

3. At the conclusion of the present litigation, including all appellate proceedings and remands, or the expiration of the time to file an appeal, the parties shall either:

a. return all protected health information that was disclosed during this litigation to the covered entity that disclosed the information; or

b. destroy all protected health information that was disclosed during this litigation, including all copies made.

4. The parties may, without any further action, disclose, in accordance with HIPAA, protected health information to their legal counsel, the paralegal, clerical, or administrative personnel supporting the parties' legal counsel, any independent consultants or experts assisting the parties' legal counsel in connection with this litigation, the Court and all persons assisting the Court in this case, and witnesses at trial, deposition, or hearing in this case.

5. Notwithstanding any other provision of this Order, the parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a subsequent protective order pursuant to which confidential health information may be introduced into evidence or otherwise used at such hearing, trial, or other proceeding.

6. In the event any party wishes to use confidential health information in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed with the Court, such party shall take appropriate steps to safeguard such confidential health

information in documents filed with the Court, which steps may include redaction. In the event the Court wishes to review the redacted material, the Court may review the redacted material in camera or order that the documents containing confidential health information be filed under seal.

Lawrence S. Margolis
Judge, United States Court of Federal Claims

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES | |
| Plaintiff, | Civil Action No. 05-1030 T |
| v. | Judge Margolis |
| THE UNITED STATES, | |
| Defendant. | |

**PROTECTIVE ORDER**

The Court has determined that certain information disclosed orally or in writing during this action may be proprietary or confidential to Plaintiff. To address this concern, it is ordered that protected information, provided formally or informally during this action, shall be disclosed by the parties only as follows:

1. "Protected Information" as used herein means:

   a. Information proprietary or confidential to Plaintiff contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected unless and until the information ceases to be protected pursuant to paragraph 5 herein; and

   b. Information proprietary or confidential to Plaintiff contained in any deposition, testimony, affidavit taken or provided during this litigation that is designated as protected unless and until the information ceases to be protected pursuant to paragraph 5 herein.

2. Except as described in paragraph 3 or 4 herein, to designate information contained in a document transmitted to Defendant as Protected Information, Plaintiff shall mark the first page of each document containing the information with the label described in paragraph 10 herein.

3. To designate information disclosed at a deposition as Protected Information, Plaintiff shall either (1) make a statement on the record at the deposition that the information is Protected Information or (2) provide separate written notice to Defendant's legal counsel. Unless Plaintiff intends to designate as Protected Information all information disclosed at the deposition, the statement or notice shall identify the exact portion of the deposition that is being designated as Protected Information. To allow a reasonable opportunity to make such a designation, each deposition transcript and the exhibits thereto shall automatically be deemed to contain Protected Information until fifteen days after a copy of the transcript is received by Plaintiff. Notwithstanding the preceding sentence, if Plaintiff fails to request a copy of a deposition transcript within ten days of the deposition, the deposition transcript and exhibits thereto shall cease to be treated as Protected Information.

4. If Plaintiff determines that a previously produced document inadvertently was not identified as containing Protected Information, it shall give notice in writing that the document is to be treated as containing Protected Information, and thereafter the designated document shall be treated in accordance with this Protective Order. Defendant shall not be deemed to have violated this Protective Order if, before any designation (and, with respect to a deposition transcript and exhibits, after the fifteen-day period prescribed by paragraph 3 herein), information has been disclosed or used in a manner inconsistent with such later designation.

5. Defendant may object to the designation of any information as Protected Information at any time. The objection shall be made in writing to Plaintiff. Defendant and Plaintiff shall confer in good faith in an effort to resolve the objection. After conferring in good faith with Defendant, Plaintiff may move for an order determining that the material was properly designated. Any opposition to such motion shall be filed within ten business days of service of such motion. If such a motion is served within ten business days after service of the written objection to the designation, or such additional time as the parties agree to in writing, then the material shall be treated as Protected Information until the Court decides the motion. If, within ten business days after service of the written objection to the designation, or such additional time as the parties agree to in writing, the parties have not reached an agreement that the information was properly designated and Plaintiff has not moved the Court to resolve the dispute, the information shall cease to be treated as Protected Information. Plaintiff shall not re-designate information that previously had been designated as protected and then determined, either by agreement or court order not to be confidential.

6. Protected Information shall be used solely for the purposes of this litigation and not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

7. In addition to Plaintiff itself, the following categories of persons may be given access to Protected Information under the following conditions:

   a. Without further action, Plaintiff's legal counsel, independent consultants and experts assisting such counsel in connection with the litigation, and paralegal, clerical, and administrative support personnel assisting Plaintiff's counsel are entitled access to Protected Information.

   b. Court, Internal Revenue Service, and Department of Justice personnel are automatically subject to the terms of this Protective Order and may access Protected Information, without further action.

   c. Witnesses, independent consultants, and experts assisting Defendant's counsel in connection with the litigation shall be subject to the terms of this Protective Order. To be granted access to Protected Information, any such person shall first read this Protective Order and execute an affidavit agreeing to be bound by the terms of this Protective Order. Said affidavit shall be maintained by Defendant's counsel.

8. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of Protected Information, including but not limited to physically securing, safeguarding, and restricting access to the Protected Information. The confidentiality of Protected Information learned pursuant to this Protective Order shall be maintained in perpetuity.

9. Unless the parties agree on a different mechanism, any document produced, filed, or served by either party that contains Protected Information must be in a sealed parcel containing the legend **"PROTECTED MATERIAL ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document should be attached to the front of each envelope. Any courtesy copies of documents containing Protected Information that are filed with the Court for use by the Judge should be marked and sealed in the same fashion.

10. Unless the parties agree on a different mechanism, the first page of each document produced, filed, or served by either party that contains Protected Information is to be clearly marked as follows:

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

The Court will maintain properly marked protected pleadings or materials under seal.

11. Whenever any paper is filed under seal, Plaintiff shall have ten business days to (1) determine that the paper does not contain Protected Information or (2) serve upon Defendant a proposed redacted copy of the paper, with the claimed Protected Information deleted, to be made part of the public file for the action. If Plaintiff determines that the paper does not contain Protected Information, Plaintiff shall notify the Court, and the paper shall no longer be maintained under seal. If Plaintiff serves upon Defendant a proposed redacted copy of the paper, Defendant shall have five business days after receipt of the proposed redacted copy to advise Plaintiff in writing of any objections to the proposed redacted copy. If Defendant objects to Plaintiff's proposed redacted copy, the parties shall confer in good faith to resolve the objection. If the parties are unable to agree on a redacted copy within five business days of Plaintiff's receipt of Defendant's objections, Plaintiff shall either (1) file a redacted copy that complies with Defendant's objections or (2) move the Court to resolve the dispute. If Defendant does not object to the proposed redacted copy or the parties are able to resolve all such objections, Plaintiff shall file the agreed-upon redacted copy, which shall be marked "agreed-upon redacted copy – may be made public" in the upper right-hand corner of the first page of the document.

12. Nothing contained in this Protective Order shall preclude the parties from agreeing in advance of the producing, filing, or serving of a document that the document does not contain Protected Information or that a particular redacted version of the document shall be used.

13. Within 120 days after the conclusion of this action (including any and all appeals and remands), counsel for Defendant shall (1) destroy all Protected Information and certify in writing to Plaintiff that such destruction has occurred and/or (2) return the Protected Information to Plaintiff. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted documents.

14. Plaintiff may at any time waive the protection of this Protective Order with respect to any and all information that has been designated as Protected Information by so advising counsel for Defendant in writing, identifying with specificity the information to which this Protective Order shall no longer apply. Nothing contained in this Protective Order shall preclude Plaintiff from disclosing its own proprietary or confidential information to a party not subject to this Protective Order.

15. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

16. Nothing contained in this Protective Order shall preclude Defendant from introducing into evidence, or using as exhibits, Protected Information during the

trial of this matter. This Protective Order is limited to procedures for discovery and pretrial motions. One or both parties may seek an additional protective order from the Court regarding the protection of Protected Information in hearings and at trial. Until such additional protective order is obtained, Defendant agrees not to use any Protected Information in a hearing or at trial unless it has given Plaintiff ten business days advanced written notice of the specific Protected Information it intends to use.

17. Nothing contained in this Protective Order shall prevent Defendant from disclosing Protected Information as required by a lawful subpoena or other compulsory process, provided that prior to doing so, Defendant shall promptly give notice thereof to Plaintiff and furnish Plaintiff with a copy of the subpoena or other process so as to afford Plaintiff a reasonable opportunity to seek a protective order. Defendant will respond reasonably to any inquiry by Plaintiff regarding the scope of the intended disclosure.

18. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, Plaintiff's or Defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

19. The Court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify the order in the event such information is not business confidential, privileged, or proprietary.

Plaintiff's November 20, 2006 unopposed Motion for Protective Orders is hereby

**GRANTED.**

**IT IS SO ORDERED.**

______________________________
**LAWRENCE S. MARGOLIS**
**Judge**