# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

No. 05-1030T

(Filed: November 28, 2006)

## HIPAA PROTECTIVE ORDER

The Court has determined that certain information disclosed orally or in writing during this action may be "protected health information," as that term is defined in the regulations implementing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). See 45 C.F.R. § 160.103 (2004). To address this concern, the Court orders the parties to comply with the following rules, which incorporate the definitions contained in 45 C.F.R. § 160.103 (2004).

1. Each party in this case is permitted to disclose protected health information to the other party and to the persons and entities listed in paragraph 4 hereof, without giving notice to the individuals whose health information is to be disclosed. A party does not need to designate any information as protected health information. All protected health information disclosed in this case shall be treated in accordance with this Order without regard to any designation.

2. Except as otherwise permitted by HIPAA and its implementing regulations, the parties and any other persons or entities to whom protected health information is disclosed pursuant to paragraph 4 hereof shall not use or disclose such protected health information for any purpose other than the present litigation.

3. At the conclusion of the present litigation, including all appellate proceedings and remands, or the expiration of the time to file an appeal, the parties shall either:

   a. return all protected health information that was disclosed during this litigation to the covered entity that disclosed the information; or

   b. destroy all protected health information that was disclosed during this litigation, including all copies made.

4. The parties may, without any further action, disclose, in accordance with HIPAA, protected health information to their legal counsel, the paralegal, clerical, or administrative personnel supporting the parties' legal counsel, any independent consultants or experts assisting the parties' legal counsel in connection with this litigation, the Court and all persons assisting the Court in this case, and witnesses at trial, deposition, or hearing in this case.

5. Notwithstanding any other provision of this Order, the parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a subsequent protective order pursuant to which confidential health information may be introduced into evidence or otherwise used at such hearing, trial, or other proceeding.

6. In the event any party wishes to use confidential health information in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed with the Court, such party shall take appropriate steps to safeguard such confidential health information in documents filed with the Court, which steps may include redaction. In the event the Court wishes to review the redacted material, the Court may review the redacted material in camera or order that the documents containing confidential health information be filed under seal.

s/Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims