IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1030 T<br>Judge Margolis |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO
SUSPEND PRETRIAL PROCEEDINGS

Defendant, the United States of America, respectfully moves the Court to suspend pretrial proceedings in this case, pending the disposition of defendant's Motion for Summary Judgment, filed February 15, 2007. Counsel for plaintiff has informed us of its intent to oppose the instant motion.

In support of this motion, defendant states as follows:

The parties are currently in the fact-discovery phase of pretrial proceedings in this case and are scheduled to begin the exchange of expert reports in May 2007. On February 15, 2007, defendant filed a motion for summary judgment. If granted, defendant's motion for summary judgment will dispose of all issues in this case. A stay of the remainder of the Scheduling Order while the parties brief, and the Court considers, defendant's summary judgment motion is therefore necessary to ensure the efficient administration of justice in this case.

First, a stay will enable the parties to avoid incurring expenses that will become unnecessary if the Court grants defendant's motion for summary judgment. If pretrial proceedings continue during the pendency of defendant's motion, the parties will be forced to spend significant amounts of time and money to complete discovery at this time. Completion of discovery will involve not only the normal costs associated with depositions and document production, but also, because this case involves technical valuation questions, the significant costs associated with the services of expert witnesses. All of these expenditures will turn out to have been needless if the Court agrees with defendant's position in its summary judgment motion that defendant is entitled to judgment as a matter of law. A stay of discovery until the Court disposes of defendant's motion for summary judgment will therefore preserve the possibility of avoiding these costs all together.

Second, a stay will contribute to the efficient resolution of this case even if the Court denies defendant's motion for summary judgment. The Court's holding on the preliminary legal issues raised in defendant's motion will clarify the remaining issues for further litigation. With a clearer picture of the issues that remain, the parties will be better able to assess the strengths and weaknesses of their respective positions and, thus, more likely to reach a settlement. Even if the parties fail to settle the case, the Court's disposition of the motion for summary judgment will enable the parties to conduct the remainder of discovery more efficiently by focusing their discovery efforts on the facts that continue to be, or become, relevant after the Court's decision.

Finally, staying discovery will not prejudice plaintiff.

WHEREFORE, defendant prays that its motion be granted.

Respectfully submitted,

s/ Karen Servidea

KAREN SERVIDEA
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 616-3423*
*Fax: (202) 514-9440*
*Email: karen.e.servidea@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
W.C. RAPP
*Senior Trial Attorney*

s/ W.C. Rapp
Of Counsel

March 1, 2007