**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Civil Action No. 05-1030 T<br>Judge Margolis |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUSPEND PRETRIAL PROCEEDINGS**

The plaintiff, Highmark, Inc., successor in interest to Pennsylvania Blue Shield and Subsidiaries, hereby files this Response in Opposition to the defendant's Motion to Suspend Pretrial Proceedings. The defendant has moved the Court to suspend pretrial proceedings in this case pending disposition of the defendant's Motion for Summary Judgment, which was filed February 15, 2007.

In support of this response in opposition, the plaintiff states as follows:

For the reasons stated below, the plaintiff is confident that the Court will deny the defendant's motion for summary judgment. Hence, granting the defendant's instant motion to suspend pretrial proceedings pending disposition of its motion for summary judgment would result in an unnecessary and unjustified delay in resolution of the parties' dispute and the administration of justice. Further, Highmark would be prejudiced by a stay in the proceedings because the government is holding substantial sums which it owes Highmark.

The defendant correctly notes in its motion for summary judgment that every trial court that has considered the defendant's first argument in support of summary judgment has rejected it and the Third Circuit Court of Appeals has approved the trial court's rejection of this argument. Def.'s Mot. for Summ. J. 5. The plaintiff is confident that this Court likewise will reject the defendant's first argument. While the defendant's second argument has never been decided by a court, it has been litigated previously. In one instance, the court did not address the argument because resolution of the issue was unnecessary for disposition of the case. *Trigon Ins. Co. v. United States*, 215 F. Supp. 2d 687, 695 n. 8 (E.D. Va. 2002). In the other instance, the United States conceded the argument. Second Stipulation of Facts at ¶ 113, *Capital Blue Cross and Subsidiaries v. Comm'r of Internal Revenue*, 122 T.C. 224 (2004) (Docket No. 13322-01). Again, the plaintiff is confident that this Court will agree with the plaintiff and will deny the defendant's motion for summary judgment. This case will then proceed to trial on the issue of valuation, or it will be settled. Delaying the trial or settlement would not result in the "efficient administration of justice," and it would be unfair to Highmark, to which the government owes substantial sums.

Although the defendant argues that there is the potential for significant cost savings for both parties if a stay is granted, Highmark has already expended the bulk of its expected costs because it has responded to significant factual discovery and its expert has nearly completed his report on valuation. Further delay in the proceedings would have a significant adverse financial impact on the plaintiff. Rather than proceeding to trial on valuation soon after the Court's decision on the motion for summary judgment, trial would be delayed for a significant period of time after that while the government completed its discovery. The potential cost savings would

be small when compared to the cost of the delay to Highmark. The defendant owes the plaintiff significant funds. This case has been pending for over a year and the schedule has been extended several times, with Highmark's agreement, to accommodate the United States. If Highmark had known that the defendant was going to ask the Court for a stay of all proceedings while its motion for summary judgment was pending, Highmark would not have agreed several times to extend the time for filing that motion. Adding of significant additional delay before Highmark would receive the funds it is owed would be extremely prejudicial.

Finally, the defendant's argument that a stay would "contribute to the efficient resolution of this case even if the Court denies defendant's motion for summary judgment" is disingenuous. First, the only remaining issues in the case will concern valuation of the plaintiff's contracts, and the defendant already has requested all documents related to that issue. Hence, delaying the conclusion of factual discovery until after resolution of the defendant's motion for summary judgment would have only one effect: delay of the defendant's payment to Highmark. Further, Highmark has made a written offer of settlement that is substantially similar to the national settlement offer that the Internal Revenue Service gave to all of the Blue Cross/Blue Shield organizations not currently in litigation. All of those organizations accepted that offer. In short, the groundwork to settle this case has been laid and would not be affected significantly by the Court's denial of the defendant's motion for summary judgment.

In summary, the only effect of a stay on the proceedings would be unnecessary delay of the resolution of this case, and, consequently, the administration of justice.

WHEREFORE, the plaintiff prays that the defendant's Motion to Suspend Pretrial Proceedings be denied.

Respectfully submitted,

/s/ Arthur Newbold
ARTHUR NEWBOLD
Attorney of Record
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone: (215) 994-2624
Fax: (215) 655-2624

Counsel for Plaintiff

Date: March 8, 2007

Of Counsel:

Frederick J. Gerhart
James J. Spadaro, Jr.
David N. Sontag
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 8th day of March, 2007, been made on the Defendant's attorney electronically, and by mailing a copy thereof to the following address:

Karen E. Servidea, Esquire
U.S. Department of Justice
Tax Division Court of Federal Claims Section, JCB/8804
555 4th Street, N.W.
Washington, D.C. 20001

David N. Sontag