IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1030 T<br>Judge Margolis |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO SUSPEND PRETRIAL PROCEEDINGS AND REQUEST FOR EXPEDITED REVIEW

Defendant, the United States of America, files this reply in support of its Motion to Suspend Pretrial Proceedings ("Motion to Suspend"). In addition, defendant respectfully requests expedited review of its Motion to Suspend.

In support of its Motion to Suspend, defendant states as follows:

As explained in the Motion to Suspend, a suspension of proceedings during the pendency of defendant's motion for summary judgment would enable the parties to avoid incurring expenses that will become unnecessary if the Court grants the motion for summary judgment. *See New America Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1081 (Fed. Cir. 1989) ("One important advantage sought by the rules for the summary judgment procedure is to save the parties and the court the time and cost that may be wasted in pursuit of irrelevant facts by discovery"). In its Response in Opposition to Defendant's Motion to Suspend Pretrial Proceedings ("Response"), plaintiff argues that the potential for such cost savings is small in

comparison to the cost of any delay to Highmark. Regardless of the discovery and preparation that the parties have already undertaken, however, a significant amount remains to be done. In its complaint, plaintiff claims entitlement to a tax refund of over $21 million, a claim justifying substantial discovery efforts. To date, defendant has served, and plaintiff has responded to, only one set of requests for the production of documents, one set of interrogatories, and one set of requests for admission. Defendant has not deposed any of plaintiff's witnesses. If fact discovery were to proceed at this time, defendant would expect, at a minimum, to serve an additional document request and to depose plaintiff's fact witnesses, imposing substantial costs on both parties. Further, while defendant has no way of verifying plaintiff's claim that its expert has "nearly completed his report on valuation," (which is not due until May 21, 2007,[1]) the truth of that claim would not negate the potential for cost savings with respect to expert witnesses. If pretrial proceedings continue, plaintiff will incur the additional and substantial costs of engaging in expert discovery (including taking and defending expert depositions) and preparing an expert rebuttal report, not to mention the expert witness costs that defendant will incur.

As plaintiff suggests, against these potential cost savings, the Court must weigh the potential for prejudice to plaintiff from a suspension. Significantly, plaintiff does not claim that a suspension would cause it any irreparable prejudice, such as, for example, the disappearance of witnesses or the loss of evidence. Plaintiff's sole claim of prejudice, rather, is the "additional

[1] The docket currently reflects a May 7, 2007, deadline for plaintiff's expert report, because the docket was not adjusted after the Court granted Defendant's Motion for Enlargement (for its summary judgment motion) on March 1, 2007. Defendant's understanding, based on conversations with the Court's clerk, is that the Court intends to adjust the schedule according to the schedule proposed in Defendant's Motion for Enlargement, which would result in a May 21, 2007, deadline for plaintiff's expert report.

delay before [plaintiff] would receive the funds it is owed." Even with respect to that claimed prejudice, however, plaintiff alleges no particular or impending financial hardship or other extenuating financial circumstance that would not be compensated, should *the Court* determine that plaintiff is entitled to a refund, through an award of statutory interest.

Moreover, plaintiff's newly discovered desire to avoid delay stands in sharp contrast to the slow pace with which it has heretofore responded to defendant's discovery requests. Defendant served its first set of interrogatories and requests for admission on June 30, 2006. After receiving defendant's consent to two enlargements, plaintiff served its first responses on October 6, 2006, supplementing those responses as late as January 23, 2007, six months after they were originally due. Similarly, defendant served its first set of requests for the production of documents on July 7, 2006. After receiving defendant's consent to three enlargements, plaintiff served its *response* on November 8, 2007, and did not produce the requested *documents* (in installments) until December 14, 2006, January 17, 2007, and January 24, 2007, again approximately six months after they were originally due. Indeed, plaintiff's slow responses to defendant's discovery requests prompted the parties to move for, and the Court to grant, two revised scheduling orders.[2] *See* Joint Mot. to Extend Deadlines, filed September 1, 2006

---

[2]In its Response, plaintiff incorrectly states that the schedule has been extended "several times," with plaintiff's consent, to accommodate defendant. Defendant moved for a fourteen-day enlargement of its time to file its summary judgment motion just once. *See* Def's. Unopposed Mot. for Enlargement, filed January 30, 2007. The other two schedule changes to which plaintiff refers were granted upon the parties' joint motions, each of which was prompted by plaintiff's delay in responding to defendant's discovery requests. *See* Joint Mot. to Extend Deadlines, filed September 1, 2006 ("The United States needs to be sure that the extension of time it has granted to Plaintiff will not deprive the United States of adequate time to prepare a motion to present to the Court that it believes will be dispositive of all issues, and the Plaintiff agrees that the United States ought to have additional time . . . . If the Plaintiff requests additional time to respond to the outstanding discovery requests, and if the United States

(granted by Order of September 6, 2006); Joint Mot. to Extend Deadlines, filed December 22, 2006 (granted by Order of January 4, 2007).

Finally, plaintiff contends that the disposition of defendant's motion for summary judgment will not contribute to the efficient resolution of this case if the motion is denied. In so arguing, plaintiff assumes that an opinion that denies defendant's motion for summary judgment will necessarily have no bearing on the remaining issues in the case or the parties' settlement positions. Before the Court issues a decision, of course, any effort to predict how the Court's opinion might affect the remaining issues in the case is necessarily speculative. Even if one were to speculate in that regard, though, it takes little imagination to envision how the Court's analysis of parts of defendant's arguments, in particular the depreciation/mass-asset argument (*see* Def. Mot. for Summ. J. at section I.B.v), could affect the parties' positions on the valuation issue. Finally, defendant declines to comment on plaintiff's representations about the state of settlement negotiations in this case *and others* other than to note that several of plaintiff's representations conflict with the information available to defendant's attorneys.

In sum, a suspension of pretrial proceedings pending the outcome of defendant's motion for summary judgment would preserve the potential for considerable cost savings related to the

---

believes the Plaintiff needs additional time to respond properly, the United States intends to grant such a request and the parties intend to file another Joint Motion to extend the deadlines"); Joint Mot. to Extend Deadlines, filed December 22, 2006 ("Since the parties filed their first motion to extend deadlines, on September 1, 2006, defendant granted plaintiff an additional thirty-day enlargement to respond to its request for the production of documents. Also during that time, plaintiff amended its responses to defendant's interrogatories and requests for admission approximately three weeks after such responses were due. The parties wish to ensure that the additional time it took plaintiff to respond to defendant's discovery requests does not deprive defendant of adequate time to complete its dispositive motion . . . or finish fact discovery").

completion of fact and expert discovery and would not prejudice plaintiff. Moreover, even if the Court eventually denies defendant's motion for summary judgment, the resolution of that motion will enable the parties to perform the remainder of pretrial activities (including settlement negotiations) in a more efficient manner.

In support of its request for expedited review of its Motion to Suspend, defendant states as follows:

Under the current schedule, fact discovery concludes on April 18, 2007.[3] Thus, if pretrial proceedings are not suspended at this time, defendant will need to serve its additional paper discovery requests by March 19, 2007, and schedule depositions of fact witnesses within the next five weeks. Although defendant is currently preparing according to that time line, the Court's determination with respect to a suspension of pretrial proceedings will affect defendant's current efforts. If the Court grants a suspension, defendant will be able to plan the remainder of its discovery efforts in a more deliberate fashion. Therefore, defendant respectfully asks for an expedited review of its Motion to Suspend.

[3] The docket currently reflects an April 4, 2007, cutoff for fact discovery. Defendant's understanding, based on conversations with the Court's clerk, is that this date will be adjusted to April 18, 2007. *See supra* note 2.

WHEREFORE, defendant prays that its Motion to Suspend be granted.

Respectfully submitted,

s/ Karen Servidea
KAREN SERVIDEA
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 616-3423*
*Fax: (202) 514-9440*
*Email: karen.e.servidea@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
W.C. RAPP
*Senior Trial Attorney*

s/ W.C. Rapp
Of Counsel

March 9, 2007