**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Civil Action No. 05-1030 T<br>Judge Margolis |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO THE DEFENDANT'S MOTION TO SUSPEND PRETRIAL PROCEEDINGS**

The plaintiff, Highmark, Inc., files this Surreply in Opposition to the Defendant's Motion to Suspend Pretrial Proceedings, and specifically in response to the defendant's Reply in Support of its Motion to Suspend Pretrial Proceedings and Request for Expedited Review. In that Reply the defendant raises new matters which it did not raise in the Motion itself and to which Highmark needs to respond.

In support of this Surreply in Opposition, Highmark states as follows:

The defendant's newfound arguments in support for its motion to suspend pretrial proceedings are specious. First, the defendant complains that "fact discovery concludes on April 18, 2007." While it is true that fact discovery technically closes on that date, the defendant knows full well that in effect fact discovery remains open until December 13, 2007.[1] In the Joint

1. The plaintiff is under the same impression as the defendant regarding the current schedule, which is that the Court will issue a revised scheduling order according to the schedule proposed in Defendant's Motion for Enlargement (granted on March 1, 2007).

Preliminary Status Report, the parties requested that "[e]xpert discovery, *including discovery of facts upon which expert reports are based*, will begin on March 5, 2007," *see* Joint Prelim. Status Report (Docket Entry No. 12) at 4 (emphasis added), and that "[e]xpert depositions *and further expert discovery* will conclude on September 29, 2007." *Id.* at 5 (emphasis added). Virtually all of the relevant facts will be contained in Highmark's expert's report and the defendant will have full discovery on all of those facts for approximately six months after Highmark delivers that report. Hence, it is wrong that denying the defendant's motion to suspend pretrial proceedings will have a significant detrimental effect on the defendant's ability to "plan the remainder of its discovery efforts." The defendant will have plenty of time *without a suspension of pretrial proceedings* to complete fact discovery.

Next, Highmark reiterates that if it had known that the defendant was going to ask the Court for a stay of all proceedings while its Motion for Summary Judgment was pending, Highmark would not have agreed several times to extend the time for filing that motion. In all the discussions the parties had regarding scheduling, the defendant did not once suggest that it would be filing a motion to suspend pretrial proceedings. While two of the three motions for enlargements were filed as joint motions, the defendant requested the extensions and requested that Highmark join its motions, as those motion themselves make clear. The defendant suggests that Highmark unreasonably delayed responding to the defendant's voluminous discovery requests and that these delays affected the factual discovery the defendant needed to formulate its motion for summary judgment. This is not so. Highmark consistently worked cooperatively with the defendant to ensure that it expeditiously provided documents and interrogatory responses the defendant said it thought were most critical for use in connection with its motion

for summary judgment. Highmark has produced over 25,000 pages of documents and has responded to much written discovery. It also has answered a number of "informal" discovery requests from the defendant. Ironically, the defendant used almost none of the material Highmark has produced in its summary judgment motion.

The defendant identified in May 2006 in the Joint Preliminary Status Report the two legal issues it would raise in its motion for summary judgment. Joint Prelim. Status Report (Docket Entry No. 12) at 2-3. It filed the motion on February 15, 2007, ten months later. The motion makes those two legal arguments and nothing more. Thus, the defendant has taken ten months to file one motion containing two legal arguments and referencing very few facts, and now the defendant wants a stay of the proceedings. Meanwhile, it is holding tens of millions of dollars of Highmark's money and takes the position that delay does not harm Highmark. Highmark assures the Court that continued delay in the payment of those funds does harm Highmark.

WHEREFORE, Highmark prays that the defendant's Motion to Suspend Pretrial Proceedings be denied.

Respectfully submitted,

/s/ Arthur Newbold

ARTHUR NEWBOLD
Attorney of Record
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone: (215) 994-2624
Fax: (215) 655-2624

Counsel for plaintiff

Date: March 13, 2007

Of counsel:

Frederick J. Gerhart
James J. Spadaro, Jr.
David N. Sontag
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 13th day of March, 2007, been made on the Defendant's attorney electronically, and by mailing a copy thereof to the following address:

Karen E. Servidea, Esquire
U.S. Department of Justice
Tax Division Court of Federal Claims Section, JCB/8804
555 4th Street, N.W.
Washington, D.C. 20001

David N. Sontag



11773451.2.TAX