IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, Plaintiff, | ) | |
| v. | ) | No. 05-1030 T<br>Judge Margolis |
| UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S SURREPLY IN SUPPORT OF ITS MOTION TO SUSPEND PRETRIAL PROCEEDINGS AND REQUEST FOR EXPEDITED REVIEW

Defendant, the United States of America, files this surreply in support of its Motion to Suspend Pretrial Proceedings ("Motion to Suspend"). In addition, defendant respectfully requests expedited review of its Motion to Suspend.

In support of its Motion to Suspend, defendant states as follows:

In its Surreply in Opposition to Defendant's Motion to Suspend Pretrial Proceedings ("Surreply"), plaintiff argues that the denial of defendant's Motion to Suspend will not affect defendant's ability to complete fact discovery. Plaintiff claims that defendant will have ample time to complete fact discovery because "in effect fact discovery remains open until December, 13, 2007." Not only does plaintiff's argument depend on a questionable interpretation of the Court's Scheduling Order of July 5, 2006, but it also misses the point of defendant's argument in support of its Motion to Suspend.

First, plaintiff cites the Joint Preliminary Status Report to support its contention that fact discovery will remain open until December 13, 2007. It is the Court's Scheduling Order that controls the pretrial proceedings in this case, however. And, although the Court might have intended to allow the parties to continue fact discovery throughout the period for expert discovery, the Court's Scheduling Order of July 5, 2006, provides simply that expert discovery will include "expert depositions and further expert discovery." Even assuming that the Scheduling Order somehow incorporates the statement from the Joint Preliminary Status Report that plaintiff cites – that is, that "expert discovery, including discovery of facts upon which expert reports are based, will begin on March 5, 2007" – it is not clear that such an interpretation would enable defendant to discover all of the facts and data that it needs to support its defense in this case during the period for expert discovery. As plaintiff suggests, its interpretation would entitle defendant to discovery related to all of the facts "contained in Highmark's expert's report," but defendant's expert might deem additional or different facts relevant to his analysis. Because neither the Joint Preliminary Status Report nor the Scheduling Order expressly provides for the discovery of those types of facts during the period for expert discovery, defendant must pursue them before the end of fact discovery.

Second, plaintiff's contention as to the permissibility of fact discovery during the period for expert discovery does not respond to defendant's argument in support of its Motion to Suspend. Defendant mentioned the upcoming deadline for fact discovery as a basis for its Request for Expedited Review of its Motion to Suspend, not its Motion to Suspend. Whether there exists a short time or a long time within which discovery may be pursued is beside the

point. If defendant's motion for summary judgment is granted, further discovery will have been a waste of time and resources.

WHEREFORE, defendant prays that its Motion to Suspend be granted.

Respectfully submitted,

s/ Karen Servidea
KAREN SERVIDEA
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 616-3423*
*Fax: (202) 514-9440*
*Email:* karen.e.servidea@usdoj.gov

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
W.C. RAPP
*Senior Trial Attorney*

s/ W.C. Rapp
Of Counsel

March 14, 2007