IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, | ) | |
| Plaintiff, | ) | No. 05-1030 T |
| | ) | (Judge Margolis) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO AMEND THE PRETRIAL SCHEDULE
AND FOR LEAVE TO SERVE MORE THAN TWENTY-FIVE INTERROGATORIES

Defendant, the United States, respectfully moves the Court to amend the Scheduling Order to extend the period for fact discovery by two months. Defendant additionally requests leave to serve more than the twenty-five interrogatories permitted under Rule 33 of the Rules of the United States Court of Federal Claims. Counsel for plaintiff has informed us of its intent to oppose the instant motion.

Currently pending before the Court is Defendant's Motion to Suspend Pretrial Proceedings, filed March 1, 2007. Defendant continues to believe that a stay of pretrial proceedings, pending the outcome of the motion for summary judgment that defendant filed on February 15, 2007, would best serve the Court's and the parties' interest in the efficient resolution of this case. Because the Court has not yet ruled on the Motion to Suspend, however, defendant must protectively proceed with discovery. The instant motion for an extension of the time for fact discovery and for leave to serve additional interrogatories arises from those

continuing efforts.

In support of this motion, defendant states as follows:

Defendant requests a two-month extension of the period for fact discovery because the currently scheduled period will be insufficient for defendant to gather all of the facts it needs to prepare this case for trial. Plaintiff seeks a tax refund of over $20 million dollars based on the termination of health insurance contracts in the years 1987 through 1995. This claim raises complex legal and factual issues. Defendant has addressed the primary legal issues in its motion for summary judgment. The primary factual issue is the fair market value as of January 1, 1987, of tens of thousands of health insurance contracts that plaintiff held on that date. The valuation of such a large quantity of contracts, each with its own unique combination of coverages, premium rates, and subscribers, is necessarily a fact-intensive task that is best accomplished through an iterative back-and-forth dialogue between a valuation expert and the insurance company. Because the Rules of the Court of Federal Claims do not contemplate such an open dialogue between defendant's expert and plaintiff, however, defendant's valuation case depends on its ability to gather the relevant data through formal discovery devices during fact discovery. At the time the Court set the current schedule, defendant did not accurately predict how cumbersome and time-consuming its efforts to gather all of the necessary facts within the constraints of the discovery rules would be.

The additional time requested will enable defendant to finish reviewing the more than 25,000 pages of documents plaintiff has produced thus far and receive and read plaintiff's responses to defendant's second sets of interrogatories, requests for admission, and requests for production, while leaving enough time for defendant to depose key fact witnesses about the data

and information produced, as necessary.

If the current Scheduling Order is amended to allow two additional months (sixty days) for fact discovery and all of the remaining dates are correspondingly adjusted, the new schedule would be as follows:

| Event | Deadline |
|---|---|
| Fact Discovery | June 17, 2007 |
| Plaintiff's Expert Report(s) | July 20, 2007 |
| Defendant's Expert Report (s) | October 12, 2007 |
| Plaintiff's Rebuttal Report(s) | December 14, 2007 |
| Defendant's Surrebuttal Report (s) | December 30, 2007 |
| Expert Depositions and Further Expert Discovery | February 11, 2008 |

In addition, we request leave to serve more than the twenty-five interrogatories permitted by RCFC 33. Thus far, plaintiff has responded to one set of interrogatories, consisting of twenty-five questions. On March 14, 2007, plaintiff denied defendant's request for permission to serve twenty additional interrogatories. Defendant served its additional set of interrogatories, consisting of twenty questions, on March 16, 2007. The additional interrogatories are necessary for defendant to finish gathering the data and information needed for its expert to prepare its valuation report for trial. As explained above, this case raises complex legal and factual issues, and defendant has had to use some of its twenty-five interrogatories to gather the facts necessary to establish its legal arguments. Moreover, the valuation of insurance contracts is extremely fact-intensive and depends on data and information that is exclusively in plaintiff's possession and control. Because the relevant data is both voluminous and old (pre-1987), and because of

the nature of the information, defendant cannot rely on depositions of fact witnesses to complete its fact gathering. Interrogatories therefore represent one of the best means for the parties to exchange the relevant information.

WHEREFORE, defendant respectfully requests that the Court grant this motion.

Respectfully submitted,

s/ Karen Servidea

KAREN SERVIDEA
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3423

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
W.C. RAPP
Senior Trial Attorney

March 16, 2007
Date

s/ W.C. Rapp
Of Counsel