**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Civil Action No. 05-1030 T
Judge Margolis

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO AMEND THE PRETRIAL SCHEDULE AND FOR LEAVE TO SERVE MORE THAN TWENTY-FIVE INTERROGATORIES**

The plaintiff, Highmark, Inc., files this Response in Opposition to the Defendant's Motion to Amend the Pretrial Schedule and For Leave to Serve More Than Twenty-Five Interrogatories.

In response to the defendant's motion to amend the pretrial schedule, Highmark asks the Court not to extend the fact discovery period. Pursuant to Rule 26(d) and Appendix A ¶ 3 of the Rules of the Court of Federal Claims, the discovery period started on May 8, 2006, almost a year ago, when counsel for both parties conferred to discuss discovery needs and agree to a discovery schedule. Since that time Highmark has answered 25 interrogatories and 52 requests for admission, and it has produced about 25,000 pages of documents in response to 17 (not including subparts) requests for the production of documents. The fact discovery deadline is not until April 18, 2007, and the government has recently served another set of 63 requests for admission and another set of 16 (not including subparts) requests for the production of documents. It has

also scheduled depositions. The government has had ample time for discovery, and fairness to Highmark requires that this case not be postponed more than it already has been.

Moreover, the government does not need an extension of the fact discovery deadline. Counsel for Highmark has agreed from early in this case (and reiterates that agreement here), as is set forth in the parties' joint preliminary status report (Docket Entry No. 12, at 4), that during the expert discovery period the government may conduct fact discovery with respect to any factual matter raised in Highmark's expert report. As the government agrees, this case is all about the valuation of the contracts Highmark held on January 1, 1987, which will be the subject of the expert reports. Expert discovery continues under the current schedule until December 13, 2007.

In response to the defendant's motion for leave to serve more than 25 interrogatories, Highmark requests that the Court hold the government to the 25 interrogatory limit which this Court's rules establish. There is a good reason for the limit, and the government's discovery barrage in this case illustrates the wisdom of it.

WHEREFORE, Highmark prays that the defendant's Motion to Amend the Pretrial Schedule and For Leave to Serve More Than Twenty-Five Interrogatories be denied.

Respectfully submitted,

/s/ Arthur Newbold
ARTHUR NEWBOLD
Attorney of Record
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone: (215) 994-2624
Fax: (215) 655-2624

Counsel for plaintiff

Date: March 22, 2007

Of counsel:

Frederick J. Gerhart
James J. Spadaro, Jr.
David N. Sontag
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 22nd day of March, 2007, been made on the Defendant's attorney electronically, and by mailing a copy thereof to the following address:

Karen E. Servidea, Esquire
U.S. Department of Justice
Tax Division Court of Federal Claims Section, JCB/8804
555 4th Street, N.W.
Washington, D.C. 20001

David N. Sontag