IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1030 T<br>Judge Margolis |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
TO AMEND THE PRETRIAL SCHEDULE AND FOR LEAVE
TO SERVE MORE THAN TWENTY-FIVE INTERROGATORIES

Defendant, the United States of America, files this reply in support of its Motion to Amend the Pretrial Schedule and for Leave to Serve More Than Twenty-Five Interrogatories (the "Motion").

In support of its Motion, defendant states as follows:

Defendant seeks leave to serve more than twenty-five interrogatories because defendant's expert needs additional information to value plaintiff's insurance contracts. In its Response in Opposition to the Defendant's Motion to Amend the Pretrial Schedule and for Leave to Serve More Than Twenty-Five Interrogatories (the "Response"), plaintiff urges the Court to strictly enforce the twenty-five interrogatory limit, arguing that there is good reason for such a rule. In so arguing, plaintiff overlooks that the twenty-five interrogatory limit is a rule of general application, not tailored to the needs of any particular case. It applies equally to a multibillion dollar case that raises novel legal issues and complex factual issues, and a $2,000 *pro se* case

that raises only simple and routine issues. Recognizing the inadequacy of such a general limit, the Rules expressly contemplate that the Court will modify it to fit the needs of particular cases. *See* RCFC 33(a), 26(b)(2) (providing that the Court shall allow additional interrogatories when doing so would not lead to cumulative, unnecessary, or overly burdensome discovery).

As explained in defendant's Motion, the needs of this case call for an increase in the allowable number of interrogatories. First, a large sum of money ($21 million) is in controversy. Second, this case raises complex legal and factual issues, and defendant has had to use some of its twenty-five interrogatories to gather the facts necessary to establish its legal arguments. Finally, the primary factual question this case – the value of many thousands of insurance contracts that plaintiff held on January 1, 1987 – depends on the analysis of large quantities of data and information that is in plaintiff's exclusive control. While plaintiff and its expert have unlimited access to such information, defendant's access is limited by the rules of discovery. An adjustment to the limit on the number of interrogatories is therefore necessary to ensure that defendant's expert has all of the information he needs to accurately value the contracts at issue.

Recognizing that the additional discovery that defendant needs to determine the value of the contracts will impose substantial additional costs on both parties and will become unnecessary if the Court grants defendant's motion for summary judgment, defendant previously moved for a suspension of pretrial proceedings. If the Court denies the motion for a suspension, however, defendant respectfully requests a two-month extension of the period for fact discovery, such time being necessary for defendant to finish gathering the data and information needed by its valuation expert. In its Response, plaintiff argues that the government has had ample time for

discovery, noting that the discovery period technically commenced on May 8, 2006. As explained in Defendant's Reply in Support of Its Motion to Suspend Pretrial Proceedings, however, many months of the discovery period were consumed by plaintiff's delay in responding to defendant's first round of discovery requests. Although defendant consented to most of that delay, the substantial amount of time plaintiff took to respond to defendant's first requests nonetheless deprived defendant of time it otherwise would have had to review the 25,000 pages of documents plaintiff eventually produced and to determine, based on those documents, both which of the fifty-three witnesses listed on plaintiff's initial disclosures defendant should depose and what additional written discovery was necessary.

Plaintiff points to the second set of discovery requests that defendant served on March 16, 2007, and the four depositions of which defendant served notice on March 21, 2007, as evidence that the government has had ample opportunity to take discovery in this case. The short time remaining in the currently scheduled fact discovery period, however, will force defendant to take the four depositions before plaintiff's responses to defendant's second round of written discovery requests are due. At the time it takes the depositions, defendant will not know what subjects are sufficiently addressed in plaintiff's written discovery responses and therefore may be omitted from the depositions, and conversely, what subjects are not sufficiently addressed in plaintiff's written discovery responses and therefore require follow-up questioning during the depositions. Moreover, plaintiff fails to mention that while defendant has served notice of the four depositions – three under RCFC 30(b)(1) and one under RCFC 30(b)(6) – subpoenas have yet to be served on the 30(b)(1) witnesses. Because the witnesses – former employees of plaintiff – are listed on plaintiff's initial disclosures as represented individuals,

defendant may not contact them directly without the permission of plaintiff's counsel. While plaintiff's counsel has denied us such permission, counsel has yet to tell us whether he will accept service of the subpoenas on behalf of the witnesses. Even if the witnesses are subpoenaed in time for defendant to complete the depositions within the remaining period for fact discovery, the current schedule will leave no time for defendant to take additional depositions that might become necessary in light of information obtained during the first four depositions or from plaintiff's responses to defendant's second set of written discovery requests.

Finally, plaintiff's argument that the Court should not extend the time for fact discovery because defendant may continue fact discovery during the period for expert discovery fails to explain why defendant should wait until expert discovery to finish gathering the information that its expert needs to complete its valuation report. Such information is clearly factual in nature and should therefore be subject to discovery during the period for fact discovery.

WHEREFORE, defendant prays that its Motion to Amend the Pretrial Schedule and for Leave to Serve More Than Twenty-Five Interrogatories be granted.

Respectfully submitted,

s/ Karen Servidea
KAREN SERVIDEA
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 616-3423*
*Fax: (202) 514-9440*
*Email: karen.e.servidea@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
W.C. RAPP
*Senior Trial Attorney*

s/ W.C. Rapp
Of Counsel

March 26, 2007