**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, | ) | |
| Plaintiff, | ) | Civil Action No. 05-1030 T |
| v. | ) | Judge Margolis |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**APPENDIX A TO PLAINTIFF'S BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 165 ........ A-1
§ 167 ........ A-1
§ 446 ........ A-10
§ 833 ........ A-10
§ 1011 ........ A-14
§ 1012 ........ A-14
§ 1014 ........ A-14
§ 1053 ........ A-15
§ 4940 ........ A-15

Deficit Reduction Act of 1984, H.R. 4170, 98th Congress, P.L. 98-369,
§ 177(d) (2), 98 Stat. at 709-12 (1984) ........ A-16

**TABLE OF CONTENTS**
(continued)

Tax Reform Act of 1986, P.L. 99-514,
§ 1012, 100 Stat. 2085, 2390 (1986) ............ A-20

Treasury Regulations (26 C.F.R.):

§ 1.165-1(d)(1) ............ A-25

§ 1.165-2(a) ............ A-25

§ 1.446-1(a)(1) ............ A-25

§ 1.1011-1 ............ A-27

# APPENDIX A

**Internal Revenue Code of 1986 (26 U.S.C.):**

## § 165. Losses

**(a) General rule.**--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

**(b) Amount of deduction.**--For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property.

. . . .

## § 167. Depreciation

**(a) General rule**--There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) –

**(1)** of property used in the trade or business, or

**(2)** of property held for the production of income.

**(b) Cross reference**--For determination of depreciation deduction in case of property to which section 168 applies, see section 168.

**(c) Basis for depreciation--**

**(1) In general**--The basis on which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 1011, for the purpose of determining the gain on the sale or other disposition of such property.

**(2) Special rule for property subject to lease**--If any property is acquired subject to a lease --

**(A)** no portion of the adjusted basis shall be allocated to the leasehold interest, and

**(B)** the entire adjusted basis shall be taken into account in determining the depreciation deduction (if any) with respect to the property subject to the lease.

**(d)** Life tenants and beneficiaries of trusts and estates--In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust, the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each. In the case of an estate, the allowable deduction shall be apportioned between the estate and the heirs, legatees, and devisees on the basis of the income of the estate allocable to each.

**(e) Certain term interests not depreciable—**

**(1) In general--**No depreciation deduction shall be allowed under this section (and no depreciation or amortization deduction shall be allowed under any other provision of this subtitle) to the taxpayer for any term interest in property for any period during which the remainder interest in such property is held (directly or indirectly) by a related person.

**(2) Coordination with other provision--**

**(A) Section 273--**This subsection shall not apply to any term interest to which section 273 applies.

**(B) Section 305(e)--**This subsection shall not apply to the holder of the dividend rights which were separated from any stripped preferred stock to which section 305(e)(1) applies.

**(3) Basis adjustments--**If, but for this subsection, a depreciation or amortization deduction would be allowable to the taxpayer with respect to any term interest in property --

**(A)** the taxpayer's basis in such property shall be reduced by any depreciation or amortization deductions disallowed under this subsection, and

**(B)** the basis of the remainder interest in such property shall be increased by the amount of such disallowed deductions (properly adjusted for any depreciation deductions allowable under subsection (d) to the taxpayer).

**(4) Special Rules**

**(A) Denial of increase in basis of remainderman--**No increase in the basis of the remainder interest shall be made under paragraph (3)(B) for any disallowed deductions attributable to periods during which the term interest was held --

**(i)** by an organization exempt from tax under this subtitle, or

**(ii)** by a nonresident alien individual or foreign corporation but only if income from the term interest is not effectively connected with the conduct of a trade or business in the United States.

**(B) Coordination with subsection (d).**--If, but for this subsection, a depreciation or amortization deduction would be allowable to any person with respect to any term interest in property, the principles of subsection (d) shall apply to such person with respect to such term interest.

**(5) Definitions**.. --For purposes of this subsection --

**(A) Term interest in property**. --The term "term interest in property" has the meaning given such term by section 1001(e)(2).

**(B) Related person**. --The term "related person" means any person bearing a relationship to the taxpayer described in subsection (b) or (e) of section 267.

**(6) Regulations**. --The Secretary shall prescribe such regulations as may be necessary to carry out the purposes of this subsection, including regulations preventing avoidance of this subsection through cross-ownership arrangements or otherwise.

**(f) Treatment of certain property excluded from Section 197.** –

**(1) Computer software**. --

**(A) In general**. --If a depreciation deduction is allowable under subsection (a) with respect to any computer software, such deduction shall be computed by using the straight line method and a useful life of 36 months.

**(B) Computer software**. --For purposes of this section, the term "computer software" has the meaning given to such term by section 197(e)(3)(B); except that such term shall not include any such software which is an amortizable section 197 intangible.

**(C) Tax exempt use property subject to lease**. --

In the case of computer software which would be tax-exempt use property as defined in subsection (h) of section 168 if such section applied to computer software, the useful life under subparagraph (A) shall not be less than 125 percent of the lease term (within the meaning of section 168(i)(3)).

**(2) Certain interests or rights acquired separately**. --If a depreciation deduction is allowable under subsection (a) with respect to any property described in subparagraph (B), (C), or (D) of section 197(e)(4), such deduction shall be

computed in accordance with regulations prescribed by the Secretary. If such property would be tax-exempt use property as defined in subsection (h) of section 168 if such section applied to such property, the useful life under such regulations shall not be less than 125 percent of the lease term (within the meaning of section 168(i)(3)).

**(3)** **Mortgage servicing rights**. --If a depreciation deduction is allowable under subsection (a) with respect to any right described in section 197(e)(6), such deduction shall be computed by using the straight line method and a useful life of 108 months.

**(g) Depreciation under income forecast method. --**

**(1)** **In general**. --If the depreciation deduction allowable under this section to any taxpayer with respect to any property is determined under the income forecast method or any similar method --

**(A)** the income from the property to be taken into account in determining the depreciation deduction under such method shall be equal to the amount of income earned in connection with the property before the close of the 10th taxable year following the taxable year in which the property was placed in service,

**(B)** the adjusted basis of the property shall only include amounts with respect to which the requirements of section 461(h) are satisfied,

**(C)** the depreciation deduction under such method for the 10th taxable year beginning after the taxable year in which the property was placed in service shall be equal to the adjusted basis of such property as of the beginning of such 10th taxable year, and

**(D)** such taxpayer shall pay (or be entitled to receive) interest computed under the look-back method of paragraph (2) for any recomputation year.

**(2)** **Look back method**. --The interest computed under the look-back method of this paragraph for any recomputation year shall be determined by --

**(A)** first determining the depreciation deductions under this section with respect to such property which would have been allowable for prior taxable years if the determination of the amounts so allowable had been made on the basis of the sum of the following (instead of the estimated income from such property) --

**(i)** the actual income earned in connection with such property for periods before the close of the recomputation year, and

**(ii)** an estimate of the future income to be earned in connection with such property for periods after the recomputation year and before the close of the 10th taxable year following the taxable year in which the property was placed in service,

**(B)** second, determining (solely for purposes of computing such interest) the overpayment or underpayment of tax for each such prior taxable year which would result solely from the application of subparagraph (A), and

**(C)** then using the adjusted overpayment rate (as defined in section 460(b)(7)), compounded daily, on the overpayment or underpayment determined under subparagraph (B).

For purposes of the preceding sentence, any cost incurred after the property is placed in service (which is not treated as a separate property under paragraph (5)) shall be taken into account by discounting (using the Federal mid-term rate determined under section 1274(d) as of the time such cost is incurred) such cost to its value as of the date the property is placed in service. The taxpayer may elect with respect to any property to have the preceding sentence not apply to such property.

**(3)** **Exception from look-back method**. --Paragraph (1)(D) shall not apply with respect to any property which had a cost basis of $100,000 or less.

**(4)** **Recomputation year**. --For purposes of this subsection, except as provided in regulations, the term "recomputation year" means, with respect to any property, the 3d and the 10th taxable years beginning after the taxable year in which the property was placed in service, unless the actual income earned in connection with the property for the period before the close of such 3d or 10th taxable year is within 10 percent of the income earned in connection with the property for such period which was taken into account under paragraph (1)(A).

**(5)** **Special Rules**. --

**(A)** **Certain costs treated as separate property**. --For purposes of this subsection, the following costs shall be treated as separate properties:

**(i)** Any costs incurred with respect to any property after the 10th taxable year beginning after the taxable year in which the property was placed in service.

**(ii)** Any costs incurred after the property is placed in service and before the close of such 10th taxable year if such costs are significant and give rise to a significant increase in the income from the property which was not included in the estimated income from the property.

**(B) Syndication income from television series**. --In the case of property which is 1 or more episodes in a television series, income from syndicating such series shall not be required to be taken into account under this subsection before the earlier of --

**(i)** the 4th taxable year beginning after the date the first episode in such series is placed in service, or

**(ii)** the earliest taxable year in which the taxpayer has an arrangement relating to the future syndication of such series.

**(C) Special rules for financial exploitation of characters, etc.** --For purposes of this subsection, in the case of television and motion picture films, the income from the property shall include income from the exploitation of characters, designs, scripts, scores, and other incidental income associated with such films, but only to the extent that such income is earned in connection with the ultimate use of such items by, or the ultimate sale of merchandise to, persons who are not related persons (within the meaning of section 267(b)) to the taxpayer.

**(D) Collection of interest**. --For purposes of subtitle F (other than sections 6654 and 6655), any interest required to be paid by the taxpayer under paragraph (1) for any recomputation year shall be treated as an increase in the tax imposed by this chapter for such year.

**(E) Treatment of Distribution costs**. --For purposes of this subsection, the income with respect to any property shall be the taxpayer's gross income from such property.

**(F) Determinations**. --For purposes of paragraph (2), determinations of the amount of income earned in connection with any property shall be made in the same manner as for purposes of applying the income forecast method; except that any income from the disposition of such property shall be taken into account.

**(G) Treatment of pass-thru entities**. --Rules similar to the rules of section 460(b)(4) shall apply for purposes of this subsection.

**(6) Limitation on property for which income forecast method may be used**. --The depreciation deduction allowable under this section may be determined under the income forecast method or any similar method only with respect to --

**(A)** property described in paragraph (3) or (4) of section 168(f),

**(B)** copyrights,

**(C)** books,

**(D)** patents, and

**(E)** other property specified in regulations.

Such methods may not be used with respect to any amortizable section 197 intangible (as defined in section 197(c)).

**(7)** **Treatment of participations and residuals.** --

**(A)** **In general.** --For purposes of determining the depreciation deduction allowable with respect to a property under this subsection, the taxpayer may include participations and residuals with respect to such property in the adjusted basis of such property for the taxable year in which the property is placed in service, but only to the extent that such participations and residuals relate to income estimated (for purposes of this subsection) to be earned in connection with the property before the close of the 10th taxable year referred to in paragraph (1)(A).

**(B)** **Participations and residuals.** --For purposes of this paragraph, the term "participations and residuals" means, with respect to any property, costs the amount of which by contract varies with the amount of income earned in connection with such property.

**(C)** **Special rules relating to recomputation years.** --If the adjusted basis of any property is determined under this paragraph, paragraph (4) shall be applied by substituting "for each taxable year in such period" for "for such period".

**(D)** **Other special rules.** --

**(i)** Participations and residuals. --Notwithstanding subparagraph (A), the taxpayer may exclude participations and residuals from the adjusted basis of such property and deduct such participations and residuals in the taxable year that such participations and residuals are paid.

**(ii)** Coordination with other rules. --Deductions computed in accordance with this paragraph shall be allowable notwithstanding paragraph (1)(B), section 263, 263A, 404, 419, or 461(h).

**(E)** **Authority to make adjustments.** --The Secretary shall prescribe appropriate adjustments to the basis of property and to the look-back method for the additional amounts allowable as a deduction solely by reason of this paragraph.

**(8)** **Special rules for certain musical works and copyrights.** --

**(A) In general**. --If an election is in effect under this paragraph for any taxable year, then, notwithstanding paragraph (1), any expense which --

**(i)** is paid or incurred by the taxpayer in creating or acquiring any applicable musical property placed in service during the taxable year, and

**(ii)** is otherwise properly chargeable to capital account,

shall be amortized ratably over the 5-year period beginning with the month in which the property was placed in service. The preceding sentence shall not apply to any expense which, without regard to this paragraph, would not be allowable as a deduction.

**(B) Exclusive method**. --Except as provided in this paragraph, no depreciation or amortization deduction shall be allowed with respect to any expense to which subparagraph (A) applies.

**(C) Applicable musical property**. --For purposes of this paragraph --

**(i)** In general. --The term "applicable musical property" means any musical composition (including any accompanying words), or any copyright with respect to a musical composition, which is property to which this subsection applies without regard to this paragraph.

**(ii)** Exceptions. --Such term shall not include any property --

**(I)** with respect to which expenses are treated as qualified creative expenses to which section 263A(h) applies,

**(II)** to which a simplified procedure established under section 263A(j)(2) applies, or

**(III)** which is an amortizable section 197 intangible (as defined in section 197(c)).

**(D) Election**. --An election under this paragraph shall be made at such time and in such form as the Secretary may prescribe and shall apply to all applicable musical property placed in service during the taxable year for which the election applies.

**(E) Termination**. --An election may not be made under this paragraph for any taxable year beginning after December 31, 2010.

**(h) Amortization of geological and geophysical expenditures. --**

(1) **In general**. --Any geological and geophysical expenses paid or incurred in connection with the exploration for, or development of, oil or gas within the United States (as defined in section 638) shall be allowed as a deduction ratably over the 24-month period beginning on the date that such expense was paid or incurred.

(2) **Half-year convention**. --For purposes of paragraph (1), any payment paid or incurred during the taxable year shall be treated as paid or incurred on the mid-point of such taxable year.

(3) **Exclusive method**. --Except as provided in this subsection, no depreciation or amortization deduction shall be allowed with respect to such payments.

(4) **Treatment upon abandonment**. --If any property with respect to which geological and geophysical expenses are paid or incurred is retired or abandoned during the 24-month period described in paragraph (1), no deduction shall be allowed on account of such retirement or abandonment and the amortization deduction under this subsection shall continue with respect to such payment.

(5) **Special rule for major integrated oil companies**. --

(A) **In general**. --In the case of a major integrated oil company, paragraphs (1) and (4) shall be applied by substituting "5-year" for "24 month".

(B) **Major integrated oil company**. --For purposes of this paragraph, the term "major integrated oil company" means, with respect to any taxable year, a producer of crude oil --

**(i)** which has an average daily worldwide production of crude oil of at least 500,000 barrels for the taxable year,

**(ii)** which had gross receipts in excess of $1,000,000,000 for its last taxable year ending during calendar year 2005, and

**(iii)** to which subsection (c) of section 613A does not apply by reason of paragraph (4) of section 613A(d), determined --

**(I)** by substituting "15 percent" for "5 percent" each place it occurs in paragraph (3) of section 613A(d), and

**(II)** without regard to whether subsection (c) of section 613A does not apply by reason of paragraph (2) of section 613A(d).

For purposes of clauses (i) and (ii), all persons treated as a single employer under subsections (a) and (b) of section 52 shall be

treated as 1 person and, in case of a short taxable year, the rule under section 448(c)(3)(B) shall apply.

**(i) Cross references. --**

**(1)** For additional rule applicable to depreciation of improvements in the case of mines, oil and gas wells, other natural deposits, and timber, see section 611.

**(2)** For amortization of goodwill and certain other intangibles, see section 197.

. . . .

**§ 446 General rule for methods of accounting.**

**(a)** **General Rule**. --Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.

. . . .

**(e)** **Requirement respecting change of accounting method. --**Except as otherwise expressly provided in this chapter, a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing his taxable income under the new method, secure the consent of the Secretary.

. . . .

**§ 833 Treatment of Blue Cross and Blue Shield organizations, etc.**

**(a)** **General rule**. --In the case of any organization to which this section applies --

**(1)** **Treated as stock company**. --Such organization shall be taxable under this part in the same manner as if it were a stock insurance company.

**(2)** **Special deduction allowed**. --The deduction determined under subsection (b) for any taxable year shall be allowed.

**(3)** **Reductions in unearned premium reserves not to apply**. -- Subparagraph (B) of paragraph (4) of section 832(b) shall be applied by substituting "100 percent" for "80 percent", and subparagraph (C) of such paragraph (4) shall not apply.

**(b)** **Amount of deduction**. --

**(1)** **In general**. --Except as provided in paragraph (2), the deduction determined under this subsection for any taxable year is the excess (if any) of --

**(A)** 25 percent of the sum of --

**(i)** the claims incurred during the taxable year and liabilities incurred during the taxable year under cost-plus contracts, and

**(ii)** the expenses incurred during the taxable year in connection with the administration, adjustment, or settlement of claims or in connection with the administration of cost-plus contracts, over

**(B)** the adjusted surplus as of the beginning of the taxable year.

**(2) Limitation**. --The deduction determined under paragraph (1) for any taxable year shall not exceed taxable income for such taxable year (determined without regard to such deduction).

**(3) Adjusted surplus**. --For purposes of this subsection --

**(A) In general**. --The adjusted surplus as of the beginning of any taxable year is an amount equal to the adjusted surplus as of the beginning of the preceding taxable year --

**(i)** increased by the amount of any adjusted taxable income for such preceding taxable year, or

**(ii)** decreased by the amount of any adjusted net operating loss for such preceding taxable year.

**(B) Special rule**. --The adjusted surplus as of the beginning of the organization's 1st taxable year beginning after December 31, 1986, shall be its surplus as of such time. For purposes of the preceding sentence and subsection (c)(3)(C), the term "surplus" means the excess of the total assets over the total liabilities as shown on the annual statement.

**(C) Adjusted taxable income**. --The term "adjusted taxable income" means taxable income determined --

**(i)** without regard to the deduction determined under this subsection,

**(ii)** without regard to any carryforward or carryback to such taxable year, and

**(iii)** by increasing gross income by an amount equal to the net exempt income for the taxable year.

**(D) Adjusted net operating Loss**. --The term "adjusted net operating loss" means the net operating loss for any taxable year determined with the adjustments set forth in subparagraph (C).

**(E) Net Exempt income**. --The term "net exempt income" means --

**(i)** any tax-exempt interest received or accrued during the taxable year, reduced by any amount (not otherwise deductible) which would have been allowable as a deduction for the taxable year if such interest were not tax-exempt, and

**(ii)** the aggregate amount allowed as a deduction for the taxable year under sections 243, 244, and 245.

The amount determined under clause (ii) shall be reduced by the amount of any decrease in deductions allowable for the taxable year by reason of section 832(b)(5)(B) to the extent such decrease is attributable to deductions under sections 243, 244, and 245.

**(4)** **Only health related items taken into account**. --Any determination under this subsection shall be made by only taking into account items attributable to the health-related business of the taxpayer.

**(c)** **Organizations to which section applies**. --

**(1)** **In general**. --This section shall apply to --

**(A)** any existing Blue Cross or Blue Shield organization, and

**(B)** any other organization meeting the requirements of paragraph (3).

**(2)** **Existing Blue Cross or Blue Shield organization**. --The term "existing Blue Cross or Blue Shield organization" means any Blue Cross or Blue Shield organization if --

**(A)** such organization was in existence on August 16, 1986,

**(B)** such organization is determined to be exempt from tax for its last taxable year beginning before January 1, 1987, and

**(C)** no material change has occurred in the operations of such organization or in its structure after August 16, 1986, and before the close of the taxable year.

To the extent permitted by the Secretary, any successor to an organization meeting the requirements of the preceding sentence, and any organization resulting from the merger or consolidation of organizations each of which met such requirements, shall be treated as an existing Blue Cross or Blue Shield organization.

**(3)** **Other organizations**. --

**(A)** **In general**. --An organization meets the requirements of this paragraph for any taxable year if --

**(i)** substantially all the activities of such organization involve the providing of health insurance,

**(ii)** at least 10 percent of the health insurance provided by such organization is provided to individuals and small groups (not taking into account any medicare supplemental coverage),

**(iii)** such organization provides continuous full-year open enrollment (including conversions) for individuals and small groups,

**(iv)** such organization's policies covering individuals provide full coverage of preexisting conditions of high-risk individuals without a price differential (with a reasonable waiting period), and coverage is provided without regard to age, income, or employment status of individuals under age 65,

**(v)** at least 35 percent of its premiums are determined on a community rated basis, and

**(vi)** no part of its net earnings inures to the benefit of any private shareholder or individual.

**(B)** **Small group defined**. --For purposes of subparagraph (A), the term "small group" means the lesser of --

**(i)** 15 individuals, or

**(ii)** the number of individuals required for a small group under applicable State law.

**(C)** **Special rule for determining adjusted surplus**. --For purposes of subsection (b), the adjusted surplus of any organization meeting the requirements of this paragraph as of the beginning of the 1st taxable year for which it meets such requirements shall be its surplus as of such time.

**(4)** **Treatment as existing Blue Cross or Blue Shield Organization**. --

**(A)** **In general**. --Paragraph (2) shall be applied to an organization described in subparagraph (B) as if it were a Blue Cross or Blue Shield organization.

**(B)** **Applicable organization**. --An organization is described in this subparagraph if it --

**(i)** is organized under, and governed by, State laws which are specifically and exclusively applicable to not-for-profit health insurance or health service type organizations, and

**(ii)** is not a Blue Cross or Blue Shield organization or health maintenance organization.

. . . .

**§ 1011. Adjusted basis for determining gain or loss.**

**(a) General rule.** --The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (determined under section 1012 or other applicable sections of this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses)), adjusted as provided in section 1016.

. . . .

**§ 1012. Basis of Property --Cost.**

The basis of property shall be the cost of such property, except as otherwise provided in this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses). The cost of real property shall not include any amount in respect of real property taxes which are treated under section 164(d) as imposed on the taxpayer.

. . . .

**§ 1014. Basis of property acquired from a decedent.**

**(a) In general.** --Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be --

**(1)** the fair market value of the property at the date of the decedent's death,

**(2)** in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections,

**(3)** in the case of an election under section 2032A, its value determined under such section, or

**(4)** to the extent of the applicability of the exclusion described in section 2031(c), the basis in the hands of the decedent.

. . . .

**§ 1053. Property acquired before March 1, 1913.**

In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subtitle, adjusted (for the period before March 1, 1913) as provided in section 1016, is less than the fair market value of the property as of March 1, 1913, then the basis for determining gain shall be such fair market value. In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.

. . . .

**§ 4940. Excise tax based on investment income**

**(c) Net investment income defined.** --

**(4) Capital gains and losses.** --For purposes of paragraph (1) in determining capital gain net income --

**(B)** The basis for determining gain in the case of property held by the private foundation on December 31, 1969, and continuously thereafter to the date of its disposition shall be deemed to be not less than the fair market value of such property on December 31, 1969.

**SEC. 177. REPEAL OF EXEMPTION FROM FEDERAL TAX OF THE FEDERAL HOME LOAN MORTGAGE CORPORATION.**

(a) REPEAL OF EXEMPTION.—Subsection (d) of section 303 of the Federal Home Loan Mortgage Corporation Act (12 U.S.C. 1452(d)) is amended—

(1) by striking out "by the United States,",

(2) by striking out "possession thereof," and inserting in lieu thereof "possession of the United States", and

(3) by striking out the last sentence.

(b) TREATMENT OF DIVIDENDS PAID BY FEDERAL HOME LOAN BANK WHICH ARE ALLOCABLE TO DIVIDENDS FROM THE FEDERAL HOME LOAN MORTGAGE CORPORATION.—Subsection (a) of section 246 (relating to denial of dividends received deduction for dividends from certain corporations) is amended to read as follows: 26 USC 246.

"(a) DEDUCTION NOT ALLOWED FOR DIVIDENDS FROM CERTAIN CORPORATIONS.—

"(1) IN GENERAL.—The deductions allowed by sections 243, 244, and 245 shall not apply to any dividend from a corporation which, for the taxable year of the corporation in which the distribution is made, or for the next preceding taxable year of the corporation, is a corporation exempt from tax under section 501 (relating to certain charitable, etc., organizations) or section 521 (relating to farmers' cooperative associations).

"(2) SUBSECTION NOT TO APPLY TO CERTAIN DIVIDENDS OF FEDERAL HOME LOAN BANKS.—

"(A) DIVIDENDS OUT OF CURRENT EARNINGS AND PROFITS.— In the case of any dividend paid by any FHLB out of earnings and profits of the FHLB for the taxable year in which such dividend was paid, paragraph (1) shall not apply to that portion of such dividend which bears the same ratio to the total dividend as—

"(i) the dividends received by the FHLB from the FHLMC during such taxable year, bears to

"(ii) the total earnings and profits of the FHLB for such taxable year.

"(B) DIVIDENDS OUT OF ACCUMULATED EARNINGS AND PROFITS.—For purposes of subparagraph (A), in the case of any dividend which is paid out of any accumulated earnings and profits of any FHLB, paragraph (1) shall not apply to that portion of the dividend which bears the same ratio to the total dividend as—

"(i) the amount of dividends received by such FHLB from the FHLMC which are out of earnings and profits of the FHLMC—

"(I) for taxable years ending after December 31, 1984, and

"(II) which were not taken into account under subparagraph (A), bears to

"(ii) the total accumulated earnings and profits of the FHLB as of the time such dividend is paid.

For purposes of clause (ii), the accumulated earnings and profits of the FHLB as of January 1, 1985, shall be treated as equal to its retained earnings as of such date.

"(C) DEFINITIONS.—For purposes of this paragraph—

"(i) FHLB.—The term 'FHLB' means any Federal Home Loan Bank.

"(ii) FHLMC.—The term 'FHLMC' means the Federal Home Loan Mortgage Corporation.

"(iii) TAXABLE YEAR OF FHLB.—The taxable year of an FHLB shall, except as provided in regulations prescribed by the Secretary, be treated as the calendar year."

(c) TREATMENT OF NET OPERATING LOSSES OF THE FEDERAL HOME LOAN MORTGAGE CORPORATION.—

26 USC 172. (1) IN GENERAL.—Subparagraph (H) of section 172(b)(1) (relating to years to which net operating losses may be carried) is amended—

(A) by inserting ", or a net operating loss of the Federal Home Loan Mortgage Corporation for any taxable year beginning after December 31, 1984" after "1981",

(B) by striking out "the FNMA mortgage disposition loss (within the meaning of subsection (i))" in clause (i) and inserting in lieu thereof "the mortgage disposition loss (within the meaning of subsection (i))", and

(C) by striking out "FNMA mortgage disposition loss" in clause (ii) and inserting in lieu thereof "mortgage disposition loss".

(2) CONFORMING AMENDMENT.—Subsection (i) of section 172 is amended—

(A) by striking out "FNMA mortgage disposition loss" each place it appears in paragraphs (1) and (2) (including in

headings) and inserting in lieu thereof "mortgage disposition loss", and

(B) by striking out "FNMA MORTGAGE DISPOSITION LOSS" in the subsection heading and inserting in lieu thereof "MORTGAGE DISPOSITION LOSS OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION OR THE FEDERAL HOME LOAN MORTGAGE CORPORATION".

(d) EFFECTIVE DATES.— 26 USC 172 note.

(1) IN GENERAL.—The amendments made by this section shall take effect on January 1, 1985.

(2) ADJUSTED BASIS OF ASSETS.—

(A) IN GENERAL.—Except as otherwise provided in subparagraph (B), the adjusted basis of any asset of the Federal Home Loan Mortgage Corporation held on January 1, 1985, shall—

(i) for purposes of determining any loss, be equal to the lesser of the adjusted basis of such asset or the fair market value of such asset as of such date, and

(ii) for purposes of determining any gain, be equal to the higher of the adjusted basis of such asset or the fair market value of such asset as of such date.

(B) SPECIAL RULE FOR TANGIBLE DEPRECIABLE PROPERTY.— In the case of any tangible property which—

(i) is of a character subject to the allowance for depreciation provided by section 167 of the Internal Revenue Code of 1954, and

(ii) is held by the Federal Home Loan Mortgage Corporation on January 1, 1985,

the adjusted basis of such property shall be equal to the lesser of the basis of such property or the fair market value of such property as of such date.

(3) TREATMENT OF PARTICIPATION CERTIFICATES.—

(A) IN GENERAL.—Paragraph (2) shall not apply to any right to receive income with respect to any mortgage pool participation certificate or other similar interest in any mortgage (not including any mortgage).

(B) TREATMENT OF CERTAIN SALES AFTER MARCH 15, 1984, AND BEFORE JANUARY 1, 1985.—If any gain is realized on the sale or exchange of any right described in subparagraph (A) after March 15, 1984, and before January 1, 1985, the gain shall not be recognized when realized but shall be recognized on January 1, 1985.

(4) NO ACCUMULATED EARNINGS AND PROFITS ON JANUARY 1, 1985.—For purposes of the Internal Revenue Code of 1954, the accumulated profits of the Federal Home Loan Mortgage Corporation as of January 1, 1985, shall be treated as zero. 26 USC 1 *et seq.*

(5) ADJUSTED BASIS.—For purposes of this subsection, the adjusted basis of any asset shall be determined under part II of subchapter O of the Internal Revenue Code of 1954.

(6) NO CARRYBACKS FOR YEARS BEFORE 1985.—No net operating loss, capital loss, or excess credit of the Federal Home Loan Mortgage Corporation for any taxable year beginning after December 31, 1984, shall be allowed as a carryback to any taxable year beginning before January 1, 1985.

(7) NO DEDUCTION ALLOWED FOR INTEREST ON REPLACEMENT OBLIGATIONS.—

(A) IN GENERAL.—The Federal Home Loan Mortgage Corporation shall not be allowed any deduction for interest accruing after December 31, 1984, on any replacement obligation.

(B) REPLACEMENT OBLIGATION DEFINED.—For purposes of subparagraph (A), the term "replacement obligation" means any obligation to any person created after March 15, 1984, which the Secretary of the Treasury or his delegate determines replaces any equity or debt interest of a Federal Home Loan Bank or any other person in the Federal Home Loan Mortgage Corporation existing on such date. The preceding sentence shall not apply to any obligation with respect to which the Federal Home Loan Mortgage Corporation establishes that there is no tax avoidance effect.

**SEC. 1012. REPEAL OF TAX-EXEMPT STATUS FOR CERTAIN ORGANIZATIONS PROVIDING COMMERCIAL-TYPE INSURANCE.**

(a) IN GENERAL.—Section 501 (relating to exemption from tax on corporations, certain trusts, etc.) is amended by redesignating subsection (m) as subsection (n) and by inserting after subsection (l) the following new subsection:

"(m) CERTAIN ORGANIZATIONS PROVIDING COMMERCIAL-TYPE INSURANCE NOT EXEMPT FROM TAX.—

"(1) DENIAL OF TAX EXEMPTION WHERE PROVIDING COMMERCIAL-TYPE INSURANCE IS SUBSTANTIAL PART OF ACTIVITIES.—An organization described in paragraph (3) or (4) of subsection (c) shall be exempt from tax under subsection (a) only if no substantial part of its activities consists of providing commercial-type insurance.

"(2) OTHER ORGANIZATIONS TAXED AS INSURANCE COMPANIES ON INSURANCE BUSINESS.—In the case of an organization described in paragraph (3) or (4) of subsection (c) which is exempt from tax under subsection (a) after the application of paragraph (1) of this subsection—

"(A) the activity of providing commercial-type insurance shall be treated as an unrelated trade or business (as defined in section 513), and

"(B) in lieu of the tax imposed by section 511 with respect to such activity, such organization shall be treated as an insurance company for purposes of applying subchapter L with respect to such activity.

"(3) COMMERCIAL-TYPE INSURANCE.—For purposes of this subsection, the term 'commercial-type insurance' shall not include—

"(A) insurance provided at substantially below cost to a class of charitable recipients,

"(B) incidental health insurance provided by a health maintenance organization of a kind customarily provided by such organizations,

"(C) property or casualty insurance provided (directly or through an organization described in section 414(e)(3)(B)(ii)) by a church or convention or association of churches for such church or convention or association of churches, and

"(D) providing retirement or welfare benefits (or both) by a church or a convention or association of churches (directly or through an organization described in section 414(e)(3)(A) or 414(e)(3)(B)(ii)) for the employees (including employees described in section 414(e)(3)(B)) of such church or convention or association of churches or the beneficiaries of such employees.

"(4) INSURANCE INCLUDES ANNUITIES.—For purposes of this subsection, the issuance of annuity contracts shall be treated as providing insurance."

(b) TREATMENT OF BLUE CROSS AND BLUE SHIELD ORGANIZATIONS AND SIMILAR ORGANIZATIONS.—

(1) IN GENERAL.—Part III of subchapter L of chapter 1 is amended by adding at the end thereof the following new section:

"SEC. 833. TREATMENT OF BLUE CROSS AND BLUE SHIELD ORGANIZATIONS, ETC.

"(a) GENERAL RULE.—In the case of any organization to which this section applies—

"(1) TREATED AS STOCK COMPANY.—Such organization shall be taxable under this part in the same manner as if it were a stock insurance company.

"(2) SPECIAL DEDUCTION ALLOWED.—The deduction determined under subsection (b) for any taxable year shall be allowed.

"(3) REDUCTIONS IN UNEARNED PREMIUM RESERVES NOT TO APPLY.—Subparagraph (B) of paragraph (4) of section 832(b) shall be applied by substituting '100 percent' for '80 percent', and subparagraph (C) of such paragraph (4) shall not apply.

"(b) AMOUNT OF DEDUCTION.—

"(1) IN GENERAL.—Except as provided in paragraph (2), the deduction determined under this subsection for any taxable year is the excess (if any) of—

"(A) 25 percent of the sum of—

"(i) the claims incurred during the taxable year, and

"(ii) the expenses incurred during the taxable year in connection with the administration, adjustment, or settlement of claims, over

"(B) the adjusted surplus as of the beginning of the taxable year.

"(2) LIMITATION.—The deduction determined under paragraph (1) for any taxable year shall not exceed taxable income for such taxable year (determined without regard to such deduction).

"(3) ADJUSTED SURPLUS.—For purposes of this subsection—

"(A) IN GENERAL.—The adjusted surplus as of the beginning of any taxable year is an amount equal to the adjusted surplus as of the beginning of the preceding taxable year—

"(i) increased by the amount of any adjusted taxable income for such preceding taxable year, or

"(ii) decreased by the amount of any adjusted net operating loss for such preceding taxable year.

"(B) SPECIAL RULE.—The adjusted surplus as of the beginning of the organization's 1st taxable year beginning after December 31, 1986, shall be its surplus as of such time. For purposes of the preceding sentence and subsection (c)(3)(C), the term 'surplus' means the excess of the total assets over total liabilities as shown on the annual statement.

"(C) ADJUSTED TAXABLE INCOME.—The term 'adjusted taxable income' means taxable income determined—

"(i) without regard to the deduction determined under this subsection,

"(ii) without regard to any carryforward or carryback to such taxable year, and

"(iii) by increasing gross income by an amount equal to the net exempt income for the taxable year.

"(D) ADJUSTED NET OPERATING LOSS.—The term 'adjusted net operating loss' means the net operating loss for any taxable year determined with the adjustments set forth in subparagraph (C).

"(E) NET EXEMPT INCOME.—The term 'net exempt income' means—

"(i) any tax-exempt interest received or accrued during the taxable year, reduced by any amount (not otherwise deductible) which would have been allowable as a deduction for the taxable year if such interest were not tax-exempt, and

"(ii) the aggregate amount allowed as a deduction for the taxable year under sections 243, 244, and 245.

The amount determined under clause (ii) shall be reduced by the amount of any decrease in deductions allowable for the taxable year by reason of section 832(b)(5)(B) to the extent such decrease is attributable to deductions under sections 243, 244, and 245.

"(4) ONLY HEALTH-RELATED ITEMS TAKEN INTO ACCOUNT.—Any determination under this subsection shall be made by only taking into account items attributable to the health-related business of the taxpayer.

"(c) ORGANIZATIONS TO WHICH SECTION APPLIES.—

"(1) IN GENERAL.—This section shall apply to—

"(A) any existing Blue Cross or Blue Shield organization, and

"(B) any other organization meeting the requirements of paragraph (3).

"(2) EXISTING BLUE CROSS OR BLUE SHIELD ORGANIZATION.—The term 'existing Blue Cross or Blue Shield organization' means any Blue Cross or Blue Shield organization if—

"(A) such organization was in existence on August 16, 1986,

"(B) such organization is determined to be exempt from tax for its last taxable year beginning before January 1, 1987, and

"(C) no material change has occurred in the operations of such organization or in its structure after August 16, 1986, and before the close of the taxable year.

To the extent permitted by the Secretary, any successor to an organization meeting the requirements of the preceding sentence, and any organization resulting from the merger or consolidation of organizations each of which met such require-

ments, shall be treated as an existing Blue Cross or Blue Shield organization.

"(3) OTHER ORGANIZATIONS.—

"(A) IN GENERAL.—An organization meets the requirements of this paragraph for any taxable year if—

"(i) substantially all the activities of such organization involve the providing of health insurance,

"(ii) at least 10 percent of the health insurance provided by such organization is provided to individuals and small groups (not taking into account any medicare supplemental coverage),

"(iii) such organization provides continuous full-year open enrollment (including conversions) for individuals and small groups,

"(iv) such organization's policies covering individuals provide full coverage of pre-existing conditions of high-risk individuals without a price differential (with a reasonable waiting period), and coverage is provided without regard to age, income, or employment status of individuals under age 65,

"(v) at least 35 percent of its premiums are determined on a community rated basis, and

"(vi) no part of its net earnings inures to the benefit of any private shareholder or individual.

"(B) SMALL GROUP DEFINED.—For purposes of subparagraph (A), the term 'small group' means the lesser of—

"(i) 15 individuals, or

"(ii) the number of individuals required for a small group under applicable State law.

"(C) SPECIAL RULE FOR DETERMINING ADJUSTED SURPLUS.—For purposes of subsection (b), the adjusted surplus of any organization meeting the requirements of this paragraph as of the beginning of the 1st taxable year for which it meets such requirements shall be its surplus as of such time."

(2) CLERICAL AMENDMENT.—The table of sections for such part III is amended by adding at the end thereof the following new item:

"Sec. 833. Treatment of Blue Cross and Blue Shield organizations, etc."

(c) EFFECTIVE DATE.—

(1) IN GENERAL.—The amendments made by this section shall apply to taxable years beginning after December 31, 1986.

(2) STUDY OF FRATERNAL BENEFICIARY ASSOCIATIONS.—The Secretary of the Treasury or his delegate shall conduct a study of organizations described in section 501(c)(8) of the Internal Revenue Code of 1986 and which received gross annual insurance premiums in excess of $25,000,000 for the taxable years of such organizations which ended during 1984. Not later than January 1, 1988, the Secretary of the Treasury shall submit to the Committee on Ways and Means of the House of Representatives, the Committee on Finance of the Senate, and the Joint Committee on Taxation the results of such study, together with such recommendations as he determines to be appropriate. The Secretary of the Treasury shall have authority to require the furnishing of such information as may be necessary to carry out the purposes of this paragraph.

(3) SPECIAL RULES FOR EXISTING BLUE CROSS OR BLUE SHIELD ORGANIZATIONS.—

(A) IN GENERAL.—In the case of any existing Blue Cross or Blue Shield organization (as defined in section 833(c)(2) of the Internal Revenue Code of 1986 as added by this section)—

(i) no adjustment shall be made under section 481 (or any other provision) of such Code on account of a change in its method of accounting for its 1st taxable year beginning after December 31, 1986, and

(ii) for purposes of determining gain or loss, the adjusted basis of any asset held on the 1st day of such taxable year shall be treated as equal to its fair market value as of such day.

(B) TREATMENT OF CERTAIN DISTRIBUTIONS.—For purposes of section 833(b)(3)(B), the surplus of any organization as of the beginning of its 1st taxable year beginning after December 31, 1986, shall be increased by the amount of any distribution (other than to policyholders) made by such organization after August 16, 1986, and before the beginning of such taxable year.

(C) RESERVE WEAKENING AFTER AUGUST 16, 1986.—Any reserve weakening after August 16, 1986, by an existing Blue Cross or Blue Shield organization shall be treated as occurring in such organization's 1st taxable year beginning after December 31, 1986.

(4) OTHER SPECIAL RULES.—

(A) The amendments made by this section shall not apply with respect to that portion of the business of Mutual of America which is attributable to pension business.

(B) The amendments made by this section shall not apply to that portion of the business of the Teachers Insurance Annuity Association-College Retirement Equities Fund which is attributable to pension business.

(C) The amendments made by this section shall not apply to—

(i) the retirement fund of the YMCA,

(ii) the Missouri Hospital Association,

(iii) administrative services performed by municipal leagues, and

(iv) dental benefit coverage provided by Delta Dental Plans Association through contracts with independent professional service providers so long as the provision of such coverage is the principal activity of such Association.

(D) For purposes of this paragraph, the term "pension business" means the administration of any plan described in section 401(a) of the Internal Revenue Code of 1954 which includes a trust exempt from tax under section 501(a), any plan under which amounts are contributed by an individual's employer for an annuity contract described in section 403(b) of such Code, any individual retirement plan described in section 408 of such Code, and any eligible deferred compensation plan to which section 457(a) of such Code applies.

**Treasury Regulations (26 C.F.R.):**

**§ 1.165-1. Losses**

**(d)** Year of deduction

**(1)** A loss shall be allowed as a deduction under section 165(a) only for the taxable year in which the loss is sustained. For this purpose, a loss shall be treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year. For provisions relating to situations where a loss attributable to a disaster will be treated as sustained in the taxable year immediately preceding the taxable year in which the disaster actually occurred, see section 165(h) and § 1.165-11.

**§ 1.165-2. Obsolescence of non-depreciable property**

**(a)** Allowance of deduction. --A loss incurred in a business or in a transaction entered into for profit and arising from the sudden termination of the usefulness in such business or transaction of any non-depreciable property, in a case where such business or transaction is discontinued or where such property is permanently discarded from use therein, shall be allowed as a deduction under section 165(a) for the taxable year in which the loss is actually sustained. For this purpose, the taxable year in which the loss is sustained is not necessarily the taxable year in which the overt act of abandonment, or the loss of title to the property, occurs.

. . . .

**§ 1.446-1. General rule for methods of accounting**

**(a)** General rule

**(1)** Section 446(a) provides that taxable income shall be computed under the method of accounting on the basis of which a taxpayer regularly computes his income in keeping his books. The term "method of accounting" includes not only the over-all method of accounting of the taxpayer but also the accounting treatment of any item. Examples of such over-all methods are the cash receipts and disbursements method, an accrual method, combinations of such methods, and combinations of the foregoing with various methods provided for the accounting treatment of special items. These methods of accounting for special items include the accounting treatment prescribed for research and experimental expenditures, soil and water conservation expenditures, depreciation, net operating losses, etc. Except for deviations permitted or required by such special accounting treatment, taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books. For requirement respecting the adoption or change of accounting method, see section 446(e) and paragraph (e) of this section.

. . . .

**(c) Permissible methods**

**(2)** Special rules

**(ii)** No method of accounting will be regarded as clearly reflecting income unless all items of gross profit and deductions are treated with consistency from year to year. The Commissioner may authorize a taxpayer to adopt or change to a method of accounting permitted by this chapter although the method is not specifically described in this part if, in the opinion of the Commissioner, income is clearly reflected by the use of such method. Further, the Commissioner may authorize a taxpayer to continue the use of a method of accounting consistently used by the taxpayer, even though not specifically authorized by the regulations in this part, if, in the opinion of the Commissioner, income is clearly reflected by the use of such method. See section 446(a) and paragraph (a) of this section, which require that taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books, and section 446(e) and paragraph (e) of this section, which require the prior approval of the Commissioner in the case of changes in accounting method.

. . . .

**(e) Requirement respecting the adoption or change of accounting method (2)(ii)(b). --** A change in method of accounting does not include correction of mathematical or posting errors, or errors in the computation of tax liability (such as errors in computation of the foreign tax credit, net operating loss, percentage depletion, or investment credit). Also, a change in method of accounting does not include adjustment of any item of income or deduction that does not involve the proper time for the inclusion of the item of income or the taking of a deduction. For example, corrections of items that are deducted as interest or salary, but that are in fact payments of dividends, and of items that are deducted as business expenses, but that are in fact personal expenses, are not changes in method of accounting. In addition, a change in the method of accounting does not include an adjustment with respect to the addition to a reserve for bad debts. Although such adjustment may involve the question of the proper time for the taking of a deduction, such items are traditionally corrected by adjustment in the current and future years. For the treatment of the adjustment of the addition to a bad debt reserve (for example, for banks under section 585 of the Internal Revenue Code), see the regulations under section 166 of the Internal Revenue Code. A change in the method of accounting also does not include a change in treatment resulting from a change in underlying facts. For further guidance on changes involving depreciable or amortizable assets, see paragraph (e)(2)(ii)(d) of this section and §1.1016-3(h).

. . . .

**§ 1.1011-1. Adjusted basis.**

Adjusted basis. --The adjusted basis for determining the gain or loss from the sale or other disposition of property is the cost or other basis prescribed in section 1012 or other applicable provisions of subtitle A of the Code, adjusted to the extent provided in sections 1016, 1017, and 1018 or as otherwise specifically provided for under applicable provisions of internal revenue laws.

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 2nd day of April, 2007, been made on the Defendant's attorney electronically, and by mailing a copy thereof to the following address:

Karen E. Servidea, Esquire
U.S. Department of Justice
Tax Division Court of Federal Claims Section, JCB/8804
555 4th Street, N.W.
Washington, D.C. 20001

David N. Sontag