**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Civil Action No. 05-1030 T<br>Judge Margolis |

**APPENDIX B TO PLAINTIFF'S BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**


Declaration of Arthur Newbold ........................................ B-1

Exhibit 1 September 29, 2003 Statutory Notice of Claim Disallowance for the tax years ended December 31, 1992, December 31, 1993, December 31, 1994, December 31, 1995, and December 31, 1996 ........................................ B-3

Exhibit 2 Excerpts from PricewaterhouseCoopers Report (2007), "2006 Year in Review: Continuing Developments in the Taxation of Insurance Companies," *available at* http://www.pwc.com/us/eng/tax/ins/2006_insurance_tax_monograph.pdf ........................................ B-7

Exhibit 3 May 12, 2006 Letter from Internal Revenue Service, LMSB Division to an unnamed Blue Cross/Blue Shield organization (taxpayer identification redacted) ........................................ B-13

Exhibit 4 Sample Form 906-c (Rev. August 1994), Closing Agreement on Final Determination Covering Specific Matters, sent by the Internal Revenue Service with the May 12, 2006 letter (see Exhibit 3) ........................................ B-17

Exhibit 5 Excerpt from PricewaterhouseCoopers Valuation Report dated September 10, 1998 ........................................ B-22

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Civil Action No. 05-1030 T<br>Judge Margolis |

**APPENDIX B**

**DECLARATION OF ARTHUR NEWBOLD**

I, Arthur Newbold, declare, to the best of my knowledge, information and belief the following documents are true and correct copies of what they purport to be:

Exhibit 1 — September 29, 2003 Statutory Notice of Claim Disallowance for the tax years ended December 31, 1992, December 31, 1993, December 31, 1994, December 31, 1995, and December 31, 1996. (App. B, at B-3 through B-6).

Exhibit 2 — Excerpts from PricewaterhouseCoopers Report (2007), "2006 Year in Review: Continuing Developments in the Taxation of Insurance Companies," *available at* http://www.pwc.com/us/eng/tax/ins/2006_insurance_tax_monograph.pdf. (App. B, at B-7 through B-12).

Exhibit 3 — May 12, 2006 Letter from Internal Revenue Service, LMSB Division to an unnamed Blue Cross/Blue Shield organization (taxpayer identification redacted). (App. B, at B-13 through B-16).

Exhibit 4 Sample Form 906-c (Rev. August 1994), Closing Agreement on Final Determination Covering Specific Matters, sent by the Internal Revenue Service with the May 12, 2006 letter (see Exhibit 3). (App. B, at B-17 through B-21).

Exhibit 5 Excerpt from PricewaterhouseCoopers Valuation Report dated September 10, 1998. (App. B, at B-22 through B-23).

Executed in Philadelphia, Pennsylvania on April 2, 2007.

/s/ Arthur Newbold
ARTHUR NEWBOLD
Attorney of Record
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone: (215) 994-2624
Fax: (215) 655-2624

Counsel for Plaintiff

# Plaintiff's Exhibit 1

Internal Revenue Service
Appeals Office
701 Market Street
Suite 2200
Philadelphia PA 19106

Department of the Treasury

Person to Contact:
Margaret Crouse
Employee ID Number: 23-08357
Tel: 215-597-2177 Ext. 135
Fax: 215-597-7827

Refer Reply to:
AP:FE:PA:PHI:MC

In Re:
Income

Claim Amount(s):
To be determined

Tax Period(s) Ended:
12/1992 12/1993 12/1994 12/1995
12/1996

Date: SEP 29 2003

PENNSYLVANIA BLUE SHIELD AND
SUBSIDIARIES
C/O HIGHMARK
120 FIFTH AVE., SUITE 922
PITTSBURGH PA 15222-3001

**Certified Mail**

Pennsylvania Blue Shield:

We are sorry, but we cannot allow the above claim for an adjustment to your tax, for the following reasons:

**See attached statement.**

Our decision is based on provisions of the Internal Revenue laws and regulations. This letter is your legal notice that your claim is fully disallowed.

If you wish to bring suit or proceedings for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or with the United States Court of Federal Claims. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a waiver of the notice of claim disallowance (Form 2297), the period for bringing suit began to run on the date you filed the waiver.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Margaret M. Crouse
Appeals Team Case Leader

Subscriber Contracts

In making this determination of your income tax liability, careful consideration has been given to your informal claim for refund for the taxable years 1987 through 1996. It is determined that the amounts claimed as deductions for abandonment losses are not allowable because it has not been established that any abandonment occurred during the taxable years, or that any losses were sustained. Furthermore, the fair market value of each asset as of the first day of the first taxable year beginning after December 31, 1986, has not been established.

In addition, it is determined that your specific individual contracts with employers and subscribers are components of intangible assets which constitute single indivisible assets, including customer-based intangibles. Accordingly, no current loss deduction is allowable upon the termination or nonrenewal of a single employer or subscriber relationship or similar component of these indivisible assets.

In addition, the basis step-up provided by section 1012(c)(3)(A)(ii) of the Tax Reform Act of 1986 is available solely for purposes of determining gain or loss upon the sale or exchange of assets, not for purposes of determining amounts of depreciation or for other purposes. The basis step-up is not available for annual current deductions based upon the termination or nonrenewal of specific individual employer or subscriber contracts, because such annual current deductions are equivalent to the amortization of the single indivisible assets.

In addition, by enacting section 1012(c)(3)(A)(ii) of the Tax Reform Act of 1986, Congress intended to take away the advantage Blue Cross Blue Shield organizations enjoyed as tax-exempt entities in competing with commercial insurance companies by immediately subjecting such organizations to the payment of federal income taxes to the same extent as commercial insurance providers. The annual current deduction of a portion of the basis step-up would be inconsistent with the intention to remove the competitive advantage of Blue Cross Blue Shield organizations and would effectively delay their taxation on the same basis as commercial insurance companies.

In addition, since no annual current deductions were claimed for the termination or nonrenewal of specific individual employer or subscriber contracts for two or more consecutive taxable years, such contracts have been treated as single indivisible customer-based intangible assets. This treatment constitutes a method of accounting. The deduction of annual current amounts constitutes a change in method of accounting, which is not allowable without the consent of the Commissioner.

Provider Relationships

In making this determination of your income tax liability, careful consideration has been given to your informal claim for refund for the taxable years 1987 through 1996. It is determined that the amounts claimed as deductions for abandonment losses are not allowable because it has not been established that any abandonment occurred during

the taxable years, or that any losses were sustained. Furthermore, the fair market value of each asset as of the first day of the first taxable year beginning after December 31, 1986, has not been established.

In addition, it is determined that your specific individual contracts with providers and provider organizations are components of intangible assets which constitute single indivisible assets, including supplier-based intangibles. Accordingly, no current loss deduction is allowable upon the termination or nonrenewal of a single provider or provider organization relationship, or similar component of these indivisible assets.

In addition, the basis step-up provided by section 1012(c)(3)(A)(ii) of the Tax Reform Act of 1986 is available solely for purposes of determining gain or loss upon the sale or exchange of assets, not for purposes of determining amounts of depreciation or for other purposes. The basis step-up is not available for annual current deductions based upon the termination or nonrenewal of specific individual provider or provider organization contracts, because such annual current deductions are equivalent to the amortization of the single indivisible assets.

In addition, by enacting section 1012(c)(3)(A)(ii) of the Tax Reform Act of 1986, Congress intended to take away the advantage Blue Cross Blue Shield organizations enjoyed as tax-exempt entities in competing with commercial insurance companies by immediately subjecting such organizations to the payment of federal income taxes to the same extent as commercial insurance providers. The annual current deduction of a portion of the basis step-up would be inconsistent with the intention to remove the competitive advantage of Blue Cross Blue Shield organizations and would effectively delay their taxation on the same basis as commercial insurance companies.

In addition, since no annual current deductions were claimed for the termination or nonrenewal of specific individual provider or provider organization contracts for two or more consecutive taxable years, such contracts have been treated as single indivisible supplier-based intangible assets. This treatment constitutes a method of accounting. The deduction of annual current amounts constitutes a change in method of accounting, which is not allowable without the consent of the Commissioner.

<u>Assembled Workforce</u>

In making this determination of your income tax liability, careful consideration has been given to your informal claim for refund for the taxable years 1987 through 1996. It is determined that the amounts claimed as deductions for abandonment losses are not allowable because it has not been established that any abandonment occurred during the taxable years, or that any losses were sustained. Furthermore, the fair market value of each asset as of the first day of the first taxable year beginning after December 31, 1986, has not been established.

In addition, it is determined that your specific individual contracts with employees are components of intangible assets which constitute single indivisible assets, including

workforce in place intangibles. Accordingly, no current loss deduction is allowable upon the termination or nonrenewal of a single employee relationship or similar component of these indivisible assets.

In addition, by enacting section 1012(c)(3)(A)(ii) of the Tax Reform Act of 1986, Congress intended to take away the advantage Blue Cross Blue Shield organizations enjoyed as tax-exempt entities in competing with commercial insurance companies by immediately subjecting such organizations to the payment of federal income taxes to the same extent as commercial insurance providers. The annual current deduction of a portion of the basis step-up would be inconsistent with the intention to remove the competitive advantage of Blue Cross Blue Shield organizations and would effectively delay their taxation on the same basis as commercial insurance companies.

In addition, the basis step-up provided by section 1012(c)(3)(A)(ii) of the Tax Reform Act of 1986 is available solely for purposes of determining gain or loss upon the sale or exchange of assets, not for purposes of determining amounts of depreciation or for other purposes. The basis step-up is not available for annual current deductions based upon the termination or nonrenewal of specific individual employee contracts, because such annual current deductions are equivalent to the amortization of the single indivisible assets.

In addition, since no annual current deductions were claimed for the termination or nonrenewal of specific individual employee contracts for two or more consecutive taxable years, such contracts have been treated as single indivisible workforce in place intangible assets. This treatment constitutes a method of accounting. The deduction of annual current amounts constitutes a change in method of accounting, which is not allowable without the consent of the Commissioner.