05-1030 T
(Judge Margolis)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HIGHMARK, INC., SUCCESSOR IN INTEREST TO
PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

APPENDIX A TO DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
AND IN OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
W.C. RAPP
KAREN SERVIDEA
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3423
(202) 514-9440 (Fax)

**APPENDIX A**
**TABLE OF CONTENTS**


| Exhibit | Description | |
|---|---|---|
| 8 | Plaintiff's Response to Defendant's Second Set of Requests for Admission | A-1 |

# DEFENDANT'S EXHIBIT 8

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, | : | No. 05-1030 T<br>Judge Margolis |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS

Plaintiff Highmark, Inc., successor in interest to Pennsylvania Blue Shield and Subsidiaries, ("Plaintiff" or "PBS") by and through its undersigned counsel, hereby responds and objects to Defendant the United States' ("Defendant" or "United States") Second Set of Requests for Admissions as follows. Plaintiff reserves the right to supplement its responses.

## GENERAL OBJECTIONS

1. Plaintiff objects to each and every Request for Admission to the extent that it calls for information that is protected by the attorney-client privilege, the work product doctrine, the self-critical analysis privilege, or any other privilege or protection from disclosure. Plaintiff hereby asserts all such applicable privileges and exemptions. Any disclosure of privileged or protected information in response to any Request for Admission is inadvertent and not intended to waive those privileges.

2. Plaintiff objects to the Requests for Admissions to the extent they seek information wholly irrelevant to the claims asserted by Plaintiff and are not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the Requests for Admissions to the extent that Defendant already possesses or has equal access to the information sought.

4. Plaintiff objects to the Requests for Admissions to the extent that they are overbroad and harassing and any attempt to respond would be unduly burdensome, expensive and/or oppressive.

5. Plaintiff objects to the Requests for Admissions to the extent that they are vague or ambiguous.

6. Whenever in these responses Plaintiff employs the phrase "subject to and without waiving its objections," Plaintiff is responding to the particular request for admission as it may be narrowed by Plaintiff's general and specific objections and without waiver of any objections.

7. Plaintiff's responses herein shall not waive or prejudice any objections that Plaintiff may later assert. These General Objections apply to and are incorporated by reference into each of Plaintiff's specific responses and objections below, and the specific responses and objections set forth below are not to be deemed a waiver, either in whole or in part, of any of these General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS

1. More than sixty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

**RESPONSE:** Denied. Less than **fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

2. More than fifty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

**RESPONSE:** Denied. Less than **fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

3. More than forty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

**RESPONSE:** Denied. Less than **fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

4. More than thirty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

**RESPONSE:** Denied. Less than **fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

5. More than twenty-five percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

**RESPONSE:** Denied. **Less than fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which the plaintiff does not know the exact year of termination.

6. Plaintiff does not know the exact year of termination for more than sixty percent of the contracts for which it seeks a deduction in this case.

**RESPONSE:** Denied. Plaintiff does not know the exact year of termination for **about eight percent or less** of the contracts for which it seeks a deduction in this case.

7. Plaintiff does not know the exact year of termination for more than fifty percent of the contracts for which it seeks a deduction in this case.

**RESPONSE:** Denied. Plaintiff does not know the exact year of termination for **about eight percent or less** of the contracts for which it seeks a deduction in this case.

8. Plaintiff does not know the exact year of termination for more than forty percent of the contracts for which it seeks a deduction in this case.

**<u>RESPONSE:</u>** Denied. Plaintiff does not know the exact year of termination for **about eight percent or less** of the contracts for which it seeks a deduction in this case.

9. Plaintiff does not know the exact year of termination for more than thirty percent of the contracts for which it seeks a deduction in this case.

**<u>RESPONSE:</u>** Denied. Plaintiff does not know the exact year of termination for **about eight percent or less** of the contracts for which it seeks a deduction in this case.

10. Plaintiff does not know the exact year of termination for more than twenty-five percent of the contracts for which it seeks a deduction in this case.

**<u>RESPONSE:</u>** Denied. Plaintiff does not know the exact year of termination for **about eight percent or less** of the contracts for which it seeks a deduction in this case.

11. Plaintiff does not know the exact year of termination for at least one of the contracts for which it seeks a deduction in this case.

**<u>RESPONSE:</u>** Admitted. Plaintiff does not know the exact year of termination for **about eight percent or less** of the contracts for which it seeks a deduction in this case.

12. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for any of the direct pay contracts for which it claims a deduction in this case.

**<u>RESPONSE:</u>** Denied. Plaintiff knows the premium rate as of January 1, 1987 for **all (one hundred percent)** of the direct pay contracts for which it claims a deduction in this case.

13. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than seventy-five percent of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987 for **all (one hundred percent)** of the direct pay contracts for which it claims a deduction in this case.

14. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than fifty percent of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987 for **all (one hundred percent)** of the direct pay contracts for which it claims a deduction in this case.

15. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than twenty-five percent of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987 for **all (one hundred percent)** of the direct pay contracts for which it claims a deduction in this case.

16. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for at least one of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987 for **all (one hundred percent)** of the direct pay contracts for which it claims a deduction in this case.

17. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for any of the group remittance contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case.

18. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for at least seventy-five percent of the group remittance contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case.

19. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for at least fifty percent of the group remittance contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case.

20. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for at least twenty-five percent of the group remittance contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case.

21. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for at least one of the group remittance contracts for which it claims a deduction in this case.

**<u>RESPONSE:</u>** Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case.

22. More than sixty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

**<u>RESPONSE:</u>** Denied. **None (zero percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

23. More than fifty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

**<u>RESPONSE:</u>** Denied. **None (zero percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

24. More than forty-five percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

**RESPONSE:** Denied. **None (zero percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

25. More than forty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

**RESPONSE:** Denied. **None (zero percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

26. More than thirty-five percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

**RESPONSE:** Denied. **None (zero percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

27. More than twenty-five percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

**RESPONSE:** Denied. **None (zero percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

28. At least some of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

**RESPONSE:** Denied. **None (zero percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987.

29. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than sixty percent of the contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the contracts for which it claims a deduction in this case.

30. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than fifty percent of the contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the contracts for which it claims a deduction in this case.

31. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than forty-five percent of the contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one**

**hundred percent)** of the contracts for which it claims a deduction in this case.

32. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than forty percent of the contracts for which it claims a deduction in this case.

__**RESPONSE:**__ Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the contracts for which it claims a deduction in this case.

33. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than thirty-five percent of the contracts for which it claims a deduction in this case.

__**RESPONSE:**__ Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the contracts for which it claims a deduction in this case.

34. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for more than twenty-five percent of the contracts for which it claims a deduction in this case.

__**RESPONSE:**__ Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the contracts for which it claims a deduction in this case.

35. Plaintiff does not know the 1986 earned premium, or the premium rate as of January 1, 1987, for at least one of the contracts for which it claims a deduction in this case.

__**RESPONSE:**__ Denied. Plaintiff knows the premium rate as of January 1, 1987, for **all (one hundred percent)** of the contracts for which it claims a deduction in this case.

36. Plaintiff does not know the original effective date for any of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the original effective date for **more than eighty-five percent** of the direct pay contracts for which it claims a deduction in this case.

37. Plaintiff does not know the original effective date for more than seventy-five percent of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the original effective date for **more than eighty-five percent** of the direct pay contracts for which it claims a deduction in this case.

38. Plaintiff does not know the original effective date for more than fifty percent of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the original effective date for **more than eighty-five percent** of the direct pay contracts for which it claims a deduction in this case.

39. Plaintiff does not know the original effective date for more than twenty-five percent of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Denied. Plaintiff knows the original effective date for **more than eighty-five percent** of the direct pay contracts for which it claims a deduction in this case.

40. Plaintiff does not know the original effective date at least one of the direct pay contracts for which it claims a deduction in this case.

**RESPONSE:** Admitted. Plaintiff does not know the original effective date for **less than fifteen percent** of the direct pay contracts for which it claims a deduction in this case.

41. Plaintiff does not know the original effective date for any of the corporate experience rated contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately twenty-five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the corporate experience rated contracts for which it claims a deduction in this case was before January 1, 1987.

42. Plaintiff does not know the original effective date for at least seventy-five percent of the corporate experience rated contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately twenty-five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the corporate experience rated contracts for which it claims a deduction in this case was before January 1, 1987.

43. Plaintiff does not know the original effective date for at least fifty percent of the corporate experience rated contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date"

is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately twenty-five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the corporate experience rated contracts for which it claims a deduction in this case was before January 1, 1987.

44. Plaintiff does not know the original effective date for at least twenty-five percent of the corporate experience rated contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately twenty-five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the corporate experience rated contracts for which it claims a deduction in this case was before January 1, 1987.

45. Plaintiff does not know the original effective date for at least one of the corporate experience rated contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately twenty-five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred**

**percent)** of the corporate experience rated contracts for which it claims a deduction in this case was before January 1, 1987.

46. Plaintiff does not know the original effective date for more than seventy-five percent of the group remittance contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case was before January 1, 1987.

47. Plaintiff does not know the original effective date for more than fifty percent of the group remittance contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case was before January 1, 1987.

48. Plaintiff does not know the original effective date for more than twenty-five percent of the group remittance contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case was before January 1, 1987.

49. Plaintiff does not know the original effective date for more than at least one of the group remittance contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately five percent** of the corporate experience rated contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the group remittance contracts for which it claims a deduction in this case was before January 1, 1987.

50. More than eighty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the original effective date.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that **about fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the *exact* original effective date (*i.e.*, day, month, year), but **all (one hundred percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts with an original effective date before January 1, 1987.

51. More than seventy-five percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the original effective date.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that **about fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the *exact* original effective date (*i.e.*, day, month, year), but **all (one hundred percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts with an original effective date before January 1, 1987.

52. More than seventy percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the original effective date.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows.

Plaintiff admits that **about fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the *exact* original effective date (*i.e.*, day, month, year), but **all (one hundred percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts with an original effective date before January 1, 1987.

53. More than sixty-five percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the original effective date.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that **about fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the *exact* original effective date (*i.e.*, day, month, year), but **all (one hundred percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts with an original effective date before January 1, 1987.

54. More than fifty percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the original effective date.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that **about fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff

does not know the *exact* original effective date (*i.e.*, day, month, year), but **all (one hundred percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts with an original effective date before January 1, 1987.

55. More than twenty-five percent of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the original effective date.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that **about fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the *exact* original effective date (*i.e.*, day, month, year), but **all (one hundred percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts with an original effective date before January 1, 1987.

56. At least some of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the original effective date.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that **about fifteen percent** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts for which plaintiff does not know the *exact* original effective date (*i.e.*, day, month, year), but **all (one hundred**

**percent)** of the value of the deductions plaintiff claims for contract terminations in the years 1987 through 1995 is attributable to contracts with an original effective date before January 1, 1987.

57. Plaintiff does not know the original effective date for more than eighty percent of the contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately eight percent** of the contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the contracts for which it claims a deduction in this case was before January 1, 1987.

58. Plaintiff does not know the original effective date for more than seventy-five percent of the contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately eight percent** of the contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the contracts for which it claims a deduction in this case was before January 1, 1987.

59. Plaintiff does not know the original effective date for more than seventy percent of the contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date"

is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately eight percent** of the contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the contracts for which it claims a deduction in this case was before January 1, 1987.

60. Plaintiff does not know the original effective date for more than sixty-five percent of the contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately eight percent** of the contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the contracts for which it claims a deduction in this case was before January 1, 1987.

61. Plaintiff does not know the original effective date for more than fifty percent of the contracts for which it claims a deduction in this case.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately eight percent** of the contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the contracts for which it claims a deduction in this case was before January 1, 1987.

62. Plaintiff does not know the original effective date for more than twenty-five percent of the contracts for which it claims a deduction in this case.

**<u>RESPONSE:</u>** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately eight percent** of the contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the contracts for which it claims a deduction in this case was before January 1, 1987.

63. Plaintiff does not know the original effective date for at least one of the contracts for which it claims a deduction in this case.

**<u>RESPONSE:</u>** Plaintiff objects to this Request on the ground that the term "original effective date" is vague and undefined. Subject to and without waiving its objections, Plaintiff answers as follows. Plaintiff admits that it does not know the *exact* original effective date (*i.e.*, day, month, year) for **approximately eight percent** of the contracts for which it claims a deduction in this case, but it does know that the original effective date for **all (one hundred percent)** of the contracts for which it claims a deduction in this case was before January 1, 1987.

Respectfully submitted,

Arthur Newbold
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone (215) 994-2624
Fax (215) 655-2624
Counsel for Plaintiff

Date: April 18, 2007

Of Counsel:

Frederick J. Gerhart
James J. Spadaro, Jr.
David N. Sontag
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

# CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of April, 2007, caused a copy of the foregoing Plaintiff's Response to Defendant's Second Set of Requests for Admission to be served by U.S. Mail and facsimile upon the following:

Karen E. Servidea, Esquire
United States Department of Justice
Tax Division
Court of Federal Claims
Section P.O. Box 26
Ben Franklin Station
Washington, DC 20044
(202) 514-9440 (fax)

David N. Sontag