**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-1030 T<br>Judge Margolis |
| THE UNITED STATES, Defendant. | ) | |

**<u>APPENDIX A</u>**

**TO**

**HIGHMARK'S REPLY BRIEF IN SUPPORT OF ITS**

**CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS

## APPENDIX A

Internal Revenue Code of 1986 (26 U.S.C.):

§ 165 .......... A-1
§ 1001 .......... A-1
§ 1011 .......... A-2
§ 1012 .......... A-2
§ 1014 .......... A-2
§ 1053 .......... A-3
§ 1231 .......... A-3
§ 7806 .......... A-4

Deficit Reduction Act of 1984, H.R. 4170, 98th Congress, P.L. 98-369, § 177(d) (2), 98 Stat. at 709-12 (1984) .......... A-5

Income Tax Law of 1913 § II.D., P.L. 63-16, 38 Stat. 114, 166 (1913) .......... A-9

Revenue Act of 1916 §§ 2(c), 5(a), P.L. 64-271, 39 Stat. 756, 758-59 (1916) .......... A-11

Revenue Act of 1918 §§ 202(a)(1), 214(a)(5), P.L. 65-254, 40 Stat. 1057, 1060, 1067 (1919) .......... A-14

Revenue Act of 1921 § 202(b), P.L. 67-98, 42 Stat. 227, 229-30 (1921) .......... A-17

Revenue Act of 1924 § 204(b), P.L. 68-176, 43 Stat. 253, 259-60 (1924) .......... A-19

Revenue Act of 1934 § 113(a)(14), P.L. 73-216, 48 Stat. 680, 708-09 (1934) .......... A-22

Tax Reform Act of 1986, P.L. 99-514, § 1012, 100 Stat. 2085, 2390 (1986) .......... A-26

H.R. Conf. Rep. 179, 68th Cong. 1st Sess. (1924) at 18 .......... A-31

H.R. Conf. Rep. 814, 99th Cong. 2d Sess. Vol. II (1986), *reprinted in* 1986 U.S.C.C.A.N. 4075 .......... A-35

Treasury Regulation (26 C.F.R.) § 1.83-4(b)(1) ........ A-44

Declaration of Arthur Newbold ........ A-45

Exhibit 1 – Letters dated April 26, 2007 and April 30, 2007 from David Sontag to Karen Servidea regarding documents produced by Highmark to the Government ........ A-46

Exhibit 2 – Affidavit of Todd B. Vanerstrom of Highmark, Inc. ........ A-51

# APPENDIX

**Internal Revenue Code of 1986 (26 U.S.C.):**

**§ 165. Losses**

**(a) General rule.**--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

**(b) Amount of deduction.**--For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property.

. . . .

**§ 1001. Determination of amount of and recognition of gain or loss**

**(a) Computation of gain or loss**--The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.

**(b) Amount realized**--The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received. In determining the amount realized --

**(1)** there shall not be taken into account any amount received as reimbursement for real property taxes which are treated under section 164(d) as imposed on the purchaser, and

**(2)** there shall be taken into account amounts representing real property taxes which are treated under section 164(d) as imposed on the taxpayer if such taxes are to be paid by the purchaser.

**(c) Recognition of gain or loss**--Except as otherwise provided in this subtitle, the entire amount of the gain or loss, determined under this section, on the sale or exchange of property shall be recognized.

**(d) Installment sales**--Nothing in this section shall be construed to prevent (in the case of property sold under contract providing for payment in installments) the taxation of that portion of any installment payment representing gain or profit in the year in which such payment is received.

(e) **Certain term interests--**

(1) **In general--**In determining gain or loss from the sale or other disposition of a term interest in property, that portion of the adjusted basis of such interest which is determined pursuant to section 1014, 1015, or 1041 (to the extent that such adjusted basis is a portion of the entire adjusted basis of the property) shall be disregarded.

(2) **Term interest in property defined--**For purposes of paragraph (1), the term "term interest in property" means --

(A) a life interest in property,

(B) an interest in property for a term of years, or

(C) an income interest in a trust.

(3) **Exception--**Paragraph (1) shall not apply to a sale or other disposition which is a part of a transaction in which the entire interest in property is transferred to any person or persons.

. . . .

**§ 1011. Adjusted basis for determining gain or loss.**

(a) **General rule.** --The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (determined under section 1012 or other applicable sections of this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses)), adjusted as provided in section 1016.

. . . .

**§ 1012. Basis of Property --Cost.**

The basis of property shall be the cost of such property, except as otherwise provided in this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses). The cost of real property shall not include any amount in respect of real property taxes which are treated under section 164(d) as imposed on the taxpayer.

. . . .

**§ 1014. Basis of property acquired from a decedent.**

(a) **In general.** --Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property

passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be --

**(1)** the fair market value of the property at the date of the decedent's death,

**(2)** in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections,

**(3)** in the case of an election under section 2032A, its value determined under such section, or

**(4)** to the extent of the applicability of the exclusion described in section 2031(c), the basis in the hands of the decedent.

. . . .

**§ 1053. Property acquired before March 1, 1913.**

In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subtitle, adjusted (for the period before March 1, 1913) as provided in section 1016, is less than the fair market value of the property as of March 1, 1913, then the basis for determining gain shall be such fair market value. In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.

. . . .

**§ 1231. Property used in the trade or business and involuntary conversions.**

**(a)** **General Rule**. --

**(3)** **Section 1231 gains and losses.--**

For purposes of this subsection--

**(A)** **Section 1231 gain.** --The term "section 1231 gain" means --

**(i)** any recognized gain on the sale or exchange of property used in the trade or business, and

**(ii)** any recognized gain from the compulsory or involuntary conversion (as a result of destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation or the threat or imminence thereof) into other property or money of --

**(I)** property used in the trade or business, or

**(II)** any capital asset which is held for more than 1 year and is held in connection with a trade or business or a transaction entered into for profit.

**(B) Section 1231 Loss.** --The term "section 1231 loss" means any recognized loss from a sale or exchange or conversion described in subparagraph (A).

. . . .

**§ 7806. Construction of title.**

. . .

**(b) Arrangement and classification.** – No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect. The preceding sentence also applies to the sidenotes and ancillary tables contained in the various prints of this Act before its enactment into law.

**SEC. 177. REPEAL OF EXEMPTION FROM FEDERAL TAX OF THE FEDERAL HOME LOAN MORTGAGE CORPORATION.**

(a) REPEAL OF EXEMPTION.—Subsection (d) of section 303 of the Federal Home Loan Mortgage Corporation Act (12 U.S.C. 1452(d)) is amended—

(1) by striking out "by the United States,",

(2) by striking out "possession thereof," and inserting in lieu thereof "possession of the United States", and

(3) by striking out the last sentence.

(b) TREATMENT OF DIVIDENDS PAID BY FEDERAL HOME LOAN BANK WHICH ARE ALLOCABLE TO DIVIDENDS FROM THE FEDERAL HOME LOAN MORTGAGE CORPORATION.—Subsection (a) of section 246 (relating to denial of dividends received deduction for dividends from certain corporations) is amended to read as follows: 26 USC 246.

"(a) DEDUCTION NOT ALLOWED FOR DIVIDENDS FROM CERTAIN CORPORATIONS.—

"(1) IN GENERAL.—The deductions allowed by sections 243, 244, and 245 shall not apply to any dividend from a corporation which, for the taxable year of the corporation in which the distribution is made, or for the next preceding taxable year of the corporation, is a corporation exempt from tax under section 501 (relating to certain charitable, etc., organizations) or section 521 (relating to farmers' cooperative associations).

"(2) SUBSECTION NOT TO APPLY TO CERTAIN DIVIDENDS OF FEDERAL HOME LOAN BANKS.—

"(A) DIVIDENDS OUT OF CURRENT EARNINGS AND PROFITS.—In the case of any dividend paid by any FHLB out of earnings and profits of the FHLB for the taxable year in which such dividend was paid, paragraph (1) shall not apply to that portion of such dividend which bears the same ratio to the total dividend as—

"(i) the dividends received by the FHLB from the FHLMC during such taxable year, bears to

"(ii) the total earnings and profits of the FHLB for such taxable year.

"(B) DIVIDENDS OUT OF ACCUMULATED EARNINGS AND PROFITS.—For purposes of subparagraph (A), in the case of any dividend which is paid out of any accumulated earnings and profits of any FHLB, paragraph (1) shall not apply to that portion of the dividend which bears the same ratio to the total dividend as—

"(i) the amount of dividends received by such FHLB from the FHLMC which are out of earnings and profits of the FHLMC—

"(I) for taxable years ending after December 31, 1984, and

"(II) which were not taken into account under subparagraph (A), bears to

"(ii) the total accumulated earnings and profits of the FHLB as of the time such dividend is paid.

For purposes of clause (ii), the accumulated earnings and profits of the FHLB as of January 1, 1985, shall be treated as equal to its retained earnings as of such date.

"(C) DEFINITIONS.—For purposes of this paragraph—

"(i) FHLB.—The term 'FHLB' means any Federal Home Loan Bank.

"(ii) FHLMC.—The term 'FHLMC' means the Federal Home Loan Mortgage Corporation.

"(iii) TAXABLE YEAR OF FHLB.—The taxable year of an FHLB shall, except as provided in regulations prescribed by the Secretary, be treated as the calendar year."

(c) TREATMENT OF NET OPERATING LOSSES OF THE FEDERAL HOME LOAN MORTGAGE CORPORATION.—

26 USC 172.

(1) IN GENERAL.—Subparagraph (H) of section 172(b)(1) (relating to years to which net operating losses may be carried) is amended—

(A) by inserting ", or a net operating loss of the Federal Home Loan Mortgage Corporation for any taxable year beginning after December 31, 1984" after "1981",

(B) by striking out "the FNMA mortgage disposition loss (within the meaning of subsection (i))" in clause (i) and inserting in lieu thereof "the mortgage disposition loss (within the meaning of subsection (i))", and

(C) by striking out "FNMA mortgage disposition loss" in clause (ii) and inserting in lieu thereof "mortgage disposition loss".

(2) CONFORMING AMENDMENT.—Subsection (i) of section 172 is amended—

(A) by striking out "FNMA mortgage disposition loss" each place it appears in paragraphs (1) and (2) (including in

headings) and inserting in lieu thereof "mortgage disposition loss", and

(B) by striking out "FNMA MORTGAGE DISPOSITION LOSS" in the subsection heading and inserting in lieu thereof "MORTGAGE DISPOSITION LOSS OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION OR THE FEDERAL HOME LOAN MORTGAGE CORPORATION".

(d) EFFECTIVE DATES.— 26 USC 172 note.

(1) IN GENERAL.—The amendments made by this section shall take effect on January 1, 1985.

(2) ADJUSTED BASIS OF ASSETS.—

(A) IN GENERAL.—Except as otherwise provided in subparagraph (B), the adjusted basis of any asset of the Federal Home Loan Mortgage Corporation held on January 1, 1985, shall—

(i) for purposes of determining any loss, be equal to the lesser of the adjusted basis of such asset or the fair market value of such asset as of such date, and

(ii) for purposes of determining any gain, be equal to the higher of the adjusted basis of such asset or the fair market value of such asset as of such date.

(B) SPECIAL RULE FOR TANGIBLE DEPRECIABLE PROPERTY.—In the case of any tangible property which—

(i) is of a character subject to the allowance for depreciation provided by section 167 of the Internal Revenue Code of 1954, and

(ii) is held by the Federal Home Loan Mortgage Corporation on January 1, 1985,

the adjusted basis of such property shall be equal to the lesser of the basis of such property or the fair market value of such property as of such date.

(3) TREATMENT OF PARTICIPATION CERTIFICATES.—

(A) IN GENERAL.—Paragraph (2) shall not apply to any right to receive income with respect to any mortgage pool participation certificate or other similar interest in any mortgage (not including any mortgage).

(B) TREATMENT OF CERTAIN SALES AFTER MARCH 15, 1984, AND BEFORE JANUARY 1, 1985.—If any gain is realized on the sale or exchange of any right described in subparagraph (A) after March 15, 1984, and before January 1, 1985, the gain shall not be recognized when realized but shall be recognized on January 1, 1985.

(4) NO ACCUMULATED EARNINGS AND PROFITS ON JANUARY 1, 1985.—For purposes of the Internal Revenue Code of 1954, the accumulated profits of the Federal Home Loan Mortgage Corporation as of January 1, 1985, shall be treated as zero. 26 USC 1 *et seq.*

(5) ADJUSTED BASIS.—For purposes of this subsection, the adjusted basis of any asset shall be determined under part II of subchapter O of the Internal Revenue Code of 1954.

(6) NO CARRYBACKS FOR YEARS BEFORE 1985.—No net operating loss, capital loss, or excess credit of the Federal Home Loan Mortgage Corporation for any taxable year beginning after December 31, 1984, shall be allowed as a carryback to any taxable year beginning before January 1, 1985.

(7) NO DEDUCTION ALLOWED FOR INTEREST ON REPLACEMENT OBLIGATIONS.—

(A) IN GENERAL.—The Federal Home Loan Mortgage Corporation shall not be allowed any deduction for interest accruing after December 31, 1984, on any replacement obligation.

(B) REPLACEMENT OBLIGATION DEFINED.—For purposes of subparagraph (A), the term "replacement obligation" means any obligation to any person created after March 15, 1984, which the Secretary of the Treasury or his delegate determines replaces any equity or debt interest of a Federal Home Loan Bank or any other person in the Federal Home Loan Mortgage Corporation existing on such date. The preceding sentence shall not apply to any obligation with respect to which the Federal Home Loan Mortgage Corporation establishes that there is no tax avoidance effect.

Computation for calendar year.

*Provisos.* For 1913, from March 1 to December 31.

Returns to be made by persons having over $3,000.

Form.

Guardians, trustees, etc.

Joint guardians, etc.

D. The said tax shall be computed upon the remainder of said net income of each person subject thereto, accruing during each preceding calendar year ending December thirty-first: *Provided, however,* That for the year ending December thirty-first, nineteen hundred and thirteen, said tax shall be computed on the net income accruing from March first to December thirty-first, nineteen hundred and thirteen, both dates inclusive, after deducting five-sixths only of the specific exemptions and deductions herein provided for. On or before the first day of March, nineteen hundred and fourteen, and the first day of March in each year thereafter, a true and accurate return, under oath or affirmation, shall be made by each person of lawful age, except as hereinafter provided, subject to the tax imposed by this section, and having a net income of $3,000 or over for the taxable year, to the collector of internal revenue for the district in which such person resides or has his principal place of business, or, in the case of a person residing in a foreign country, in the place where his principal business is carried on within the United States, in such form as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe, setting forth specifically the gross amount of income from all separate sources and from the total thereof, deducting the aggregate items or expenses and allowance herein authorized; guardians, trustees, executors, administrators, agents, receivers, conservators, and all persons, corporations, or associations acting in any fiduciary capacity, shall make and render a return of the net income of the person for whom they act, subject to this tax, coming into their custody or control and management, and be subject to all the provisions of this section which apply to individuals: *Provided,* That a return made by one of two or more joint guardians, trustees, executors, administrators, agents, receivers, and conservators, or other persons acting in a fiduciary capacity, filed in the district where such person resides, or in the district where the will or other instrument under which he acts is recorded, under such regulations as the Secretary of the Treasury may prescribe, shall be a sufficient compliance with the requirements of this paragraph; and also all persons, firms, com-

INCOME TAX—Continued.

Corporations, etc., to deduct tax from individual profits, etc.

panies, copartnerships, corporations, joint-stock companies or associations, and insurance companies, except as hereinafter provided, in whatever capacity acting, having the control, receipt, disposal, or payment of fixed or determinable annual or periodical gains, profits, and income of another person subject to tax, shall in behalf of such person deduct and withhold from the payment an amount equivalent to the normal income tax upon the same and make and render a return, as aforesaid, but separate and distinct, of the portion of the income of each person from which the normal tax has been thus withheld, and containing also the name and address of such person or stating that the name and address or the address, as the case may be, are unknown: *Provided*, That the provision requiring the normal tax of individuals to be withheld at the source of the income shall not be construed to require any of such tax to be withheld prior to the first day of November, nineteen hundred and thirteen: *Provided further*, That in either case above mentioned no return of income not exceeding $3,000 shall be required: *Provided further*, That any persons carrying on business in partnership shall be liable for income tax only in their individual capacity, and the share of the profits of a partnership to which any taxable partner would be entitled if the same were divided, whether divided or otherwise, shall be returned for taxation and the tax paid, under the provisions of this section, and any such firm, when requested by the Commissioner of Internal Revenue, or any district collector, shall forward to him a correct statement of such profits and the names of the individuals who would be entitled to the same, if distributed: *Provided further*, That persons liable for the normal income tax only, on their own account or in behalf of another, shall not be required to make return of the income derived from dividends on the capital stock or from the net earnings of corporations, joint-stock companies or associations, and insurance companies taxable upon their net income as hereinafter provided. Any person for whom return has been made and the tax paid, or to be paid as aforesaid, shall not be required to make a return unless such person has other net income, but only one deduction of $3,000 shall be made in the case of any such person. The collector or deputy collector shall require every list to be verified by the oath or affirmation of the party rendering it. If the collector or deputy collector have reason to believe that the amount of any income returned is understated, he shall give due notice to the person making the return to show cause why the amount of the return should not be increased, and upon proof of the amount understated may increase the same accordingly. If dissatisfied with the decision of the collector, such person may submit the case, with all the papers, to the Commissioner of Internal Revenue for his decision, and may furnish sworn testimony of witnesses to prove any relevant facts.

Separate return to be made.

Limitation.

Minimum.

Returns from partners.

Tax-paid dividends.

Not required if no other net income.

Verification of lists.

Increase by collector.

Review by Commissioner.

INCOME DEFINED.

Income defined.

Sources included.

SEC. 2. (a) That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever: *Provided*, That the term "dividends" as used in this title shall be held to mean any distribution made or ordered to be made by a corporation, joint-stock company, association, or insurance company, out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, whether in cash or in stock of the corporation, joint-stock company, association, or insurance company, which stock dividend shall be considered income, to the amount of its cash value.

*Proviso.* Dividends accruing since March 1, 1913.

(b) Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when

Estates of deceased persons.

Trusts, etc.

INCOME TAX.

the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: *Provided*, That where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed.

*Proviso.* Tax on annual distributions.

Trustees and other fiduciaries indemnified for payments.

Such trustees, executors, administrators, and other fiduciaries are hereby idemnified against the claims or demands of every beneficiary for all payments of taxes which they shall be required to make under the provisions of this title, and they shall have credit for the amount of such payments against the beneficiary or principal in any accounting which they make as such trustees or other fiduciaries.

Gains from property acquired before March 1, 1913.

(c) For the purpose of ascertaining the gain derived from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such gain derived.

SEC. 5. That in computing net income in the case of a citizen or resident of the United States— Citizens or residents.

(a) For the purpose of the tax there shall be allowed as deductions— Objects specified.

First. The necessary expenses actually paid in carrying on any business or trade, not including personal, living, or family expenses; Business expenses.

Second. All interest paid within the year on his indebtedness; Interest on debts.

Third. Taxes paid within the year imposed by the authority of the United States, or its Territories, or possessions, or any foreign country, or under the authority of any State, county, school district, or municipality, or other taxing subdivision of any State, not including those assessed against local benefits; General taxes.

Fourth. Losses actually sustained during the year, incurred in his business or trade, or arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise: *Provided*, That for the purpose of ascertaining the loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such loss sustained; Losses. *Proviso.* On property acquired before March 1, 1913.

Fifth. In transactions entered into for profit but not connected with his business or trade, the losses actually sustained therein during the year to an amount not exceeding the profits arising therefrom; Not connected with trade.

Sixth. Debts due to the taxpayer actually ascertained to be worthless and charged off within the year; Worthless debts.

Seventh. A reasonable allowance for the exhaustion, wear and tear of property arising out of its use or employment in the business or trade; Deterioration of property.

Eighth. (a) In the case of oil and gas wells a reasonable allowance for actual reduction in flow and production to be ascertained not by the flush flow, but by the settled production or regular flow; (b) in the case of mines a reasonable allowance for depletion thereof not to exceed the market value in the mine of the product thereof, which has been mined and sold during the year for which the return and computation are made, such reasonable allowance to be made in the case of both (a) and (b) under rules and regulations to be prescribed by the Secretary of the Treasury: *Provided*, That when the allowances authorized in (a) and (b) shall equal the capital originally invested, or in case of purchase made prior to March first, nineteen hundred and thirteen, the fair market value as of that date, no further allowance shall be made. No deduction shall be allowed for any amount paid out for new buildings, permanent improvements, or betterments, made to increase the value of any property or estate, and no deduction shall be made for any amount of expense of restoring property or making good the exhaustion thereof for which an allowance is or has been made. Allowance for oil and gas wells. Mine depletion. *Proviso.* Acquired before March 1, 1913. Betterments, etc., excluded.

BASIS FOR DETERMINING GAIN OR LOSS.

Basis on sales, etc., of property.

SEC. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

Acquired before March 1, 1913.

(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and

Subsequently acquired.

(2) In the case of property acquired on or after that date, the cost thereof; or the inventory value, if the inventory is made in accordance with section 203.

On exchanges of property.

For reorganizations.

(b) When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; but when in connection with the reorganization, merger, or consolidation of a corporation a person receives in place of stock or securities owned by him new stock or securities of no greater aggregate par or face value, no gain or loss shall be deemed to occur from the exchange, and the new stock or securities received shall be treated as taking the place of the stock, securities, or property exchanged.

Gain when value of new, exceeds that of exchanged stocks, etc.

When in the case of any such reorganization, merger or consolidation the aggregate par or face value of the new stock or securities received is in excess of the aggregate par or face value of the stock or securities exchanged, a like amount in par or face value of the new stock or securities received shall be treated as taking the place of the stock or securities exchanged, and the amount of the excess in par or face value shall be treated as a gain to the extent that the fair market value of the new stock or securities is greater than the cost (or if acquired prior to March 1, 1913, the fair market value as of that date) of the stock or securities exchanged.

Deductions allowed

DEDUCTIONS ALLOWED.

D... specified.

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

...usiness expenses.

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity;

Interest on debts.
Exception.

(2) All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917), the interest upon which is

INCOME TAX.

wholly exempt from taxation under this title as income to the taxpayer, or, in the case of a nonresident alien individual, the proportion of such interest which the amount of his gross income from sources within the United States bears to the amount of his gross income from all sources within and without the United States;

Domestic taxes. Exceptions.

(3) Taxes paid or accrued within the taxable year imposed (a) by the authority of the United States, except income, war-profits and excess-profits taxes; or (b) by the authority of any of its possessions, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (c) by the authority of any State or Territory, or any county, school district, municipality, or other taxing subdivision of any State or Territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed; or (d) in the case of a citizen or resident of the United States, by the authority of any foreign country, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (e) in the case of a nonresident alien individual, by the authority of any foreign country (except income, war-profits and excess-profits taxes, and taxes assessed against local benefits of a kind tending to increase the value of the property assessed), upon property or business;

Foreign taxes. By citizens or residents.

By nonresident aliens.

Business losses.

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

Losses not connected with business.

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; but in the case of a nonresident alien individual only as to such transactions within the United States; . . .

BASIS FOR DETERMINING GAIN OR LOSS.

Gain or loss

On sales, etc., of property acquired after February 28, 1913, based on cost.

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

Exceptions

Inventory value used

(1) In the case of such property, which should be included in the inventory, the basis shall be the last inventory value thereof;

Gifts after December 31, 1920, based on value in hands of donor

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner. In the case of such property acquired by gift on or before December 31, 1920, the basis for ascertaining gain or loss from a sale or other disposition thereof shall be the fair market price or value of such property at the time of such acquisition;

Ascertainment.

Market value when acquired, if before December 31, 1920.

Bequests, etc., based on market values

Applicable to exchanges.

(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402.

*Post*, pp. 278, 279.

Property acquired before March 1, 1913, on same basis

(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a); but—

If price in excess of cost.

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;

If price lower than cost

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; and

INCOME TAX.
If market price March 1, 1913, received

(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.

Determining gain or loss.

BASIS FOR DETERMINING GAIN OR LOSS, DEPLETION, AND DEPRECIATION.

On cost value on sales, etc., of property acquired after February 28, 1913.

Exceptions.

Inventory value.

Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

(1) If the property should have been included in the last inventory, the basis shall be the last inventory value thereof;

Gifts after December 31, 1920, on value in hands of donor.

Ascertainment.

Or on market value when acquired by donor, etc.

(2) If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner;

Trust property, acquired after December 31, 1920.

Estates acquisitions excepted.

Vol. 42, p. 278.

*Post*, p. 304.

(3) If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made. The provisions of this paragraph shall not apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921 or in subdivision (c), (d), or (f) of section 302 of this Act;

Gifts before December 31, 1920.

(4) If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition;

Bequests, etc.

Transfers in contemplation of death, etc.

(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921, or in subdivision (c), (d), or (f) of section 302 of this Act;

Acquired on an exchange, etc.

Partly by exchange and by other property.

Issues of stock excepted.

(6) If the property was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. If the property so acquired consisted in part of the type of property permitted by paragraph (1), (2), (3), or (4) of subdivision (b) of section 203 to be received without the recognition of gain or loss, and in part of other property, the basis provided in this paragraph shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange. This paragraph shall not apply to property ac-

quired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it;

Acquired after December 31, 1917, on reorganization, with same party remaining in control.

(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made;

Acquired after December 31, 1920, by issue of securities.

(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made;

Stocks, etc., distributed on reorganization after December 31, 1923.

(9) If the property consists of stock or securities distributed after December 31, 1923, to a taxpayer in connection with a transaction described in subdivision (c) of section 203, the basis in the case of the stock in respect of which the distribution was made shall be apportioned, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, between such stock and the stock or securities distributed;

Acquired by involuntary conversion.

(10) If the property was acquired as the result of a compulsory or involuntary conversion described in paragraph (5) of subdivision (b) of section 203, the basis shall be the same as in the case of the property so converted, decreased in the amount of any money received by the taxpayer which was not expended in accordance with the provisions of law (applicable to the year in which such conversion was made) determining the taxable status of the gain or loss upon such conversion, and increased in the amount of gain or decreased in the amount of loss to the taxpayer recognized upon such conversion under the law applicable to the year in which such conversion was made;

Acquired for stock, etc., disposed of, on which no loss allowed.

Post, pp. 270, 284.

(11) If substantially identical property was acquired after December 31, 1920, in place of stock or securities which were sold or disposed of and in respect of which loss was not allowed as a deduction under paragraph (5) of subdivision (a) of section 214 or paragraph (4) of subdivision (a) of section 234 of this Act or the Revenue Act of 1921, the basis in the case of the property so acquired shall be the basis in the case of the stock or securities so sold or disposed of, except that if the repurchase price was in excess of the sale price such basis shall be increased in the amount of the difference, or if the repurchase price was less than the sale price such basis shall be decreased in the amount of the difference.

Sale, etc., of property acquired before March 1, 1913, on cost or market value.

(b) The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be (A) the cost of such property (or, in the case of such property as is described in paragraph (1), (4), or (5), of subdivision (a), the basis as therein provided), or (B) the fair market value of such property as of March 1, 1913, whichever is greater. In determining the fair market value of stock in a corporation as of March 1, 1913,

Determination of value.

INCOME TAX.

due regard shall be given to the fair market value of the assets of the corporation as of that date.

Depletion, exhaustion, etc., allowed.

(c) The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that in the case of mines, oil and gas wells, discovered by the taxpayer after February 28, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter; but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to discovery value.

On mines, oil and gas wells discovered after February 28, 1913.

Limitation.

INCOME TAX. COMPUTATION OF NET INCOME—Contd.

refers to subsection (b) (3) or (5), or described in subsection (d), a foreign corporation shall not be considered as a corporation unless, prior to such exchange, it has been established to the satisfaction of the Commissioner that such exchange is not in pursuance of a plan having as one of its principal purposes the avoidance of Federal income taxes.

Basis for determining gain or loss.

**SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.**

Cost value; exceptions.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

Inventory value.

(1) INVENTORY VALUE.—If the property should have been included in the last inventory, the basis shall be the last inventory value thereof.

Gifts after December 1920.

(2) GIFTS AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that for the purpose of determining loss the basis shall be the basis so determined or the fair market value of the property at the time of the gift, whichever is lower. If the facts necessary to determine the basis in the hands of the donor or the last preceding owner are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis in the hands of such donor or last preceding owner shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner.

Determination.

Fair market value.

Trust property acquired after December 1920.

(3) TRANSFER IN TRUST AFTER DECEMBER 31, 1920.—If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made.

As in hands of grantor.

Gift or transfer in trust before January 1, 1921.

(4) GIFT OR TRANSFER IN TRUST BEFORE JANUARY 1, 1921.—If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition.

Property transmitted at death.

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. In the case of property transferred in trust to pay the income for life to or upon the order or direction of the grantor, with the right reserved to the grantor at all times prior to his death to revoke the trust, the basis of such property in the hands of the persons entitled under the terms of the trust instrument to the property after the grantor's death shall, after such death, be the same as if the trust instrument had been a will executed on the day of the grantor's death. For the purpose of this paragraph property passing without full and adequate consideration under a general power of appointment exercised by will shall be deemed to be property passing from the individual exercising such power by bequest or devise.

Transfer in trust with right to revoke.

Without full consideration, under general power of appointment.

Acquired on exchange. *Ante*, p. 704.

(6) TAX-FREE EXCHANGES GENERALLY.—If the property was acquired, after February 28, 1913, upon an exchange described in section 112(b) to (e), inclusive, the basis shall be the same as in

the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. If the property so acquired consisted in part of the type of property permitted by section 112(b) to be received without the recognition of gain or loss, and in part of other property, the basis provided in this paragraph shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange. This paragraph shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it.

INCOME TAX. COMPUTATION OF NET INCOME—Contd.

Partly on exchange and partly by other property.

Stock issued as consideration excepted.

(7) TRANSFERS TO CORPORATION WHERE CONTROL OF PROPERTY REMAINS IN SAME PERSONS.—If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.

Transfers to corporation where control of property remains in same persons.

By a corporation a party to reorganization.

(8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

Property acquired by issuance of stock or as paid-in surplus, by a corporation after 1920.

(A) by the issuance of its stock or securities in connection with a transaction described in section 112(b)(5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), or

Issuance of stock controlled by transferor.

*Ante*, p. 704.

(B) as paid-in surplus or as a contribution to capital,

Paid-in surplus, etc.

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

(9) INVOLUNTARY CONVERSION.—If the property was acquired, after February 28, 1913, as the result of a compulsory or involuntary conversion described in section 112(f), the basis shall be the same as in the case of the property so converted, decreased in the amount of any money received by the taxpayer which was not expended in accordance with the provisions of law (applicable to the year in which such conversion was made) determining the taxable status of the gain or loss upon such conversion, and increased in the amount of gain or decreased in the amount of loss to the taxpayer recognized upon such conversion under the law applicable to the year in which such conversion was made.

Acquired by involuntary conversion.

(10) WASH SALES OF STOCK.—If the property consists of stock or securities the acquisition of which (or the contract or option to acquire which) resulted in the nondeductibility (under section 118 of this Act or corresponding provisions of prior income tax

Wash sales of stock on which loss not allowed.

*Post*, p. 715.

INCOME TAX. COMPUTATION OF NET INCOME—Contd. Basis.

laws, relating to wash sales) of the loss from the sale or other disposition of substantially identical stock or securities, then the basis shall be the basis of the stock or securities so sold or disposed of, increased or decreased, as the case may be, by the difference, if any, between the price at which the property was acquired and the price at which such substantially identical stock or securities were sold or otherwise disposed of.

Property acquired during affiliation.

(11) PROPERTY ACQUIRED DURING AFFILIATION.—In the case of property acquired by a corporation, during a period of affiliation, from a corporation with which it was affiliated, the basis of such property, after such period of affiliation, shall be determined, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, without regard to inter-company transactions in respect of which gain or loss was not recognized. For the purposes of this paragraph, the term "period of affiliation" means the period during which such corporations were affiliated (determined in accordance with the law applicable thereto) but does not include any taxable year beginning on or after January 1, 1922, unless a consolidated return was made, nor any taxable year after the taxable year 1928. The basis in case of property acquired by a corporation during any period, in the taxable year 1929 or any subsequent taxable year, in respect of which a consolidated return is made by such corporation under section 141 of this Act or the Revenue Act of 1928 or the Revenue Act of 1932, shall be determined in accordance with regulations prescribed under section 141 (b) of this Act or the Revenue Act of 1928 or the Revenue Act of 1932. The basis in the case of property held by a corporation during any period, in the taxable year 1929 or any subsequent taxable year, in respect of which a consolidated return is made by such corporation under section 141 of this Act or the Revenue Act of 1928 or the Revenue Act of 1932, shall be adjusted in respect of any items relating to such period, in accordance with regulations prescribed under section 141 (b) of this Act or the Revenue Act of 1928 or the Revenue Act of 1932, applicable to such period.

Adjustment and determination of basis.

"Period of affiliation" defined.

Basis in subsequent years.

Vol. 45, p. 831

*Post*, p 721.

Basis established by Revenue Act of 1932.

(12) BASIS ESTABLISHED BY REVENUE ACT OF 1932.—If the property was acquired, after February 28, 1913, in any taxable year beginning prior to January 1, 1934, and the basis thereof, for the purposes of the Revenue Act of 1932 was prescribed by section 113(a) (6), (7), or (9) of such Act, then for the purposes of this Act the basis shall be the same as the basis therein prescribed in the Revenue Act of 1932.

Basis for partnership property, acquired after February 28, 1913.

(13) PARTNERSHIPS.—If the property was acquired, after February 28, 1913, by a partnership and the basis is not otherwise determined under any of the paragraphs (1) to (12), inclusive, of this subsection, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. If the property was distributed in kind by a partnership to any partner, the basis of such property in the hands of the partner shall be such part of the basis in his hands of his partnership interest as is properly allocable to such property.

Property acquired before March 1913.

(14) PROPERTY ACQUIRED BEFORE MARCH 1, 1913.—In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subsection, adjusted (for the period prior to March 1, 1913) as provided in subsection (b), is less than the fair market value of the property as of March 1, 1913, then the

INCOME TAX.
COMPUTATION OF NET INCOME—Contd.
Assets based on fair market value.

basis for determining gain shall be such fair market value. In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.

**SEC. 1012. REPEAL OF TAX-EXEMPT STATUS FOR CERTAIN ORGANIZATIONS PROVIDING COMMERCIAL-TYPE INSURANCE.**

(a) IN GENERAL.—Section 501 (relating to exemption from tax on corporations, certain trusts, etc.) is amended by redesignating subsection (m) as subsection (n) and by inserting after subsection (l) the following new subsection:

"(m) CERTAIN ORGANIZATIONS PROVIDING COMMERCIAL-TYPE INSURANCE NOT EXEMPT FROM TAX.—

"(1) DENIAL OF TAX EXEMPTION WHERE PROVIDING COMMERCIAL-TYPE INSURANCE IS SUBSTANTIAL PART OF ACTIVITIES.—An organization described in paragraph (3) or (4) of subsection (c) shall be exempt from tax under subsection (a) only if no substantial part of its activities consists of providing commercial-type insurance.

"(2) OTHER ORGANIZATIONS TAXED AS INSURANCE COMPANIES ON INSURANCE BUSINESS.—In the case of an organization described in paragraph (3) or (4) of subsection (c) which is exempt from tax under subsection (a) after the application of paragraph (1) of this subsection—

"(A) the activity of providing commercial-type insurance shall be treated as an unrelated trade or business (as defined in section 513), and

"(B) in lieu of the tax imposed by section 511 with respect to such activity, such organization shall be treated as an insurance company for purposes of applying subchapter L with respect to such activity.

"(3) COMMERCIAL-TYPE INSURANCE.—For purposes of this subsection, the term 'commercial-type insurance' shall not include—

"(A) insurance provided at substantially below cost to a class of charitable recipients,

"(B) incidental health insurance provided by a health maintenance organization of a kind customarily provided by such organizations,

"(C) property or casualty insurance provided (directly or through an organization described in section 414(e)(3)(B)(ii)) by a church or convention or association of churches for such church or convention or association of churches, and

"(D) providing retirement or welfare benefits (or both) by a church or a convention or association of churches (directly or through an organization described in section 414(e)(3)(A) or 414(e)(3)(B)(ii)) for the employees (including employees described in section 414(e)(3)(B)) of such church or convention or association of churches or the beneficiaries of such employees.

"(4) INSURANCE INCLUDES ANNUITIES.—For purposes of this subsection, the issuance of annuity contracts shall be treated as providing insurance."

(b) TREATMENT OF BLUE CROSS AND BLUE SHIELD ORGANIZATIONS AND SIMILAR ORGANIZATIONS.—

(1) IN GENERAL.—Part III of subchapter L of chapter 1 is amended by adding at the end thereof the following new section:

"SEC. 833. TREATMENT OF BLUE CROSS AND BLUE SHIELD ORGANIZATIONS, ETC.

"(a) GENERAL RULE.—In the case of any organization to which this section applies—

"(1) TREATED AS STOCK COMPANY.—Such organization shall be taxable under this part in the same manner as if it were a stock insurance company.

"(2) SPECIAL DEDUCTION ALLOWED.—The deduction determined under subsection (b) for any taxable year shall be allowed.

"(3) REDUCTIONS IN UNEARNED PREMIUM RESERVES NOT TO APPLY.—Subparagraph (B) of paragraph (4) of section 832(b) shall be applied by substituting '100 percent' for '80 percent', and subparagraph (C) of such paragraph (4) shall not apply.

"(b) AMOUNT OF DEDUCTION.—

"(1) IN GENERAL.—Except as provided in paragraph (2), the deduction determined under this subsection for any taxable year is the excess (if any) of—

"(A) 25 percent of the sum of—

"(i) the claims incurred during the taxable year, and

"(ii) the expenses incurred during the taxable year in connection with the administration, adjustment, or settlement of claims, over

"(B) the adjusted surplus as of the beginning of the taxable year.

"(2) LIMITATION.—The deduction determined under paragraph (1) for any taxable year shall not exceed taxable income for such taxable year (determined without regard to such deduction).

"(3) ADJUSTED SURPLUS.—For purposes of this subsection—

"(A) IN GENERAL.—The adjusted surplus as of the beginning of any taxable year is an amount equal to the adjusted surplus as of the beginning of the preceding taxable year—

"(i) increased by the amount of any adjusted taxable income for such preceding taxable year, or

"(ii) decreased by the amount of any adjusted net operating loss for such preceding taxable year.

"(B) SPECIAL RULE.—The adjusted surplus as of the beginning of the organization's 1st taxable year beginning after December 31, 1986, shall be its surplus as of such time. For purposes of the preceding sentence and subsection (c)(3)(C), the term 'surplus' means the excess of the total assets over total liabilities as shown on the annual statement.

"(C) ADJUSTED TAXABLE INCOME.—The term 'adjusted taxable income' means taxable income determined—

"(i) without regard to the deduction determined under this subsection,

"(ii) without regard to any carryforward or carryback to such taxable year, and

"(iii) by increasing gross income by an amount equal to the net exempt income for the taxable year.

"(D) ADJUSTED NET OPERATING LOSS.—The term 'adjusted net operating loss' means the net operating loss for any taxable year determined with the adjustments set forth in subparagraph (C).

"(E) NET EXEMPT INCOME.—The term 'net exempt income' means—

"(i) any tax-exempt interest received or accrued during the taxable year, reduced by any amount (not otherwise deductible) which would have been allowable as a deduction for the taxable year if such interest were not tax-exempt, and

"(ii) the aggregate amount allowed as a deduction for the taxable year under sections 243, 244, and 245.

The amount determined under clause (ii) shall be reduced by the amount of any decrease in deductions allowable for the taxable year by reason of section 832(b)(5)(B) to the extent such decrease is attributable to deductions under sections 243, 244, and 245.

"(4) ONLY HEALTH-RELATED ITEMS TAKEN INTO ACCOUNT.—Any determination under this subsection shall be made by only taking into account items attributable to the health-related business of the taxpayer.

"(c) ORGANIZATIONS TO WHICH SECTION APPLIES.—

"(1) IN GENERAL.—This section shall apply to—

"(A) any existing Blue Cross or Blue Shield organization, and

"(B) any other organization meeting the requirements of paragraph (3).

"(2) EXISTING BLUE CROSS OR BLUE SHIELD ORGANIZATION.—The term 'existing Blue Cross or Blue Shield organization' means any Blue Cross or Blue Shield organization if—

"(A) such organization was in existence on August 16, 1986,

"(B) such organization is determined to be exempt from tax for its last taxable year beginning before January 1, 1987, and

"(C) no material change has occurred in the operations of such organization or in its structure after August 16, 1986, and before the close of the taxable year.

To the extent permitted by the Secretary, any successor to an organization meeting the requirements of the preceding sentence, and any organization resulting from the merger or consolidation of organizations each of which met such require-

ments, shall be treated as an existing Blue Cross or Blue Shield organization.

"(3) OTHER ORGANIZATIONS.—

"(A) IN GENERAL.—An organization meets the requirements of this paragraph for any taxable year if—

"(i) substantially all the activities of such organization involve the providing of health insurance,

"(ii) at least 10 percent of the health insurance provided by such organization is provided to individuals and small groups (not taking into account any medicare supplemental coverage),

"(iii) such organization provides continuous full-year open enrollment (including conversions) for individuals and small groups,

"(iv) such organization's policies covering individuals provide full coverage of pre-existing conditions of high-risk individuals without a price differential (with a reasonable waiting period), and coverage is provided without regard to age, income, or employment status of individuals under age 65,

"(v) at least 35 percent of its premiums are determined on a community rated basis, and

"(vi) no part of its net earnings inures to the benefit of any private shareholder or individual.

"(B) SMALL GROUP DEFINED.—For purposes of subparagraph (A), the term 'small group' means the lesser of—

"(i) 15 individuals, or

"(ii) the number of individuals required for a small group under applicable State law.

"(C) SPECIAL RULE FOR DETERMINING ADJUSTED SURPLUS.—For purposes of subsection (b), the adjusted surplus of any organization meeting the requirements of this paragraph as of the beginning of the 1st taxable year for which it meets such requirements shall be its surplus as of such time."

(2) CLERICAL AMENDMENT.—The table of sections for such part III is amended by adding at the end thereof the following new item:

"Sec. 833. Treatment of Blue Cross and Blue Shield organizations, etc."

(c) EFFECTIVE DATE.—

(1) IN GENERAL.—The amendments made by this section shall apply to taxable years beginning after December 31, 1986.

(2) STUDY OF FRATERNAL BENEFICIARY ASSOCIATIONS.—The Secretary of the Treasury or his delegate shall conduct a study of organizations described in section 501(c)(8) of the Internal Revenue Code of 1986 and which received gross annual insurance premiums in excess of $25,000,000 for the taxable years of such organizations which ended during 1984. Not later than January 1, 1988, the Secretary of the Treasury shall submit to the Committee on Ways and Means of the House of Representatives, the Committee on Finance of the Senate, and the Joint Committee on Taxation the results of such study, together with such recommendations as he determines to be appropriate. The Secretary of the Treasury shall have authority to require the furnishing of such information as may be necessary to carry out the purposes of this paragraph.

(3) SPECIAL RULES FOR EXISTING BLUE CROSS OR BLUE SHIELD ORGANIZATIONS.—

(A) IN GENERAL.—In the case of any existing Blue Cross or Blue Shield organization (as defined in section 833(c)(2) of the Internal Revenue Code of 1986 as added by this section)—

(i) no adjustment shall be made under section 481 (or any other provision) of such Code on account of a change in its method of accounting for its 1st taxable year beginning after December 31, 1986, and

(ii) for purposes of determining gain or loss, the adjusted basis of any asset held on the 1st day of such taxable year shall be treated as equal to its fair market value as of such day.

(B) TREATMENT OF CERTAIN DISTRIBUTIONS.—For purposes of section 833(b)(3)(B), the surplus of any organization as of the beginning of its 1st taxable year beginning after December 31, 1986, shall be increased by the amount of any distribution (other than to policyholders) made by such organization after August 16, 1986, and before the beginning of such taxable year.

(C) RESERVE WEAKENING AFTER AUGUST 16, 1986.—Any reserve weakening after August 16, 1986, by an existing Blue Cross or Blue Shield organization shall be treated as occurring in such organization's 1st taxable year beginning after December 31, 1986.

(4) OTHER SPECIAL RULES.—

(A) The amendments made by this section shall not apply with respect to that portion of the business of Mutual of America which is attributable to pension business.

(B) The amendments made by this section shall not apply to that portion of the business of the Teachers Insurance Annuity Association-College Retirement Equities Fund which is attributable to pension business.

(C) The amendments made by this section shall not apply to—

(i) the retirement fund of the YMCA,

(ii) the Missouri Hospital Association,

(iii) administrative services performed by municipal leagues, and

(iv) dental benefit coverage provided by Delta Dental Plans Association through contracts with independent professional service providers so long as the provision of such coverage is the principal activity of such Association.

(D) For purposes of this paragraph, the term "pension business" means the administration of any plan described in section 401(a) of the Internal Revenue Code of 1954 which includes a trust exempt from tax under section 501(a), any plan under which amounts are contributed by an individual's employer for an annuity contract described in section 403(b) of such Code, any individual retirement plan described in section 408 of such Code, and any eligible deferred compensation plan to which section 457(a) of such Code applies.