# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Civil Action No. 05-1030 T<br>Judge Margolis |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND THE PRETRIAL SCHEDULE

The plaintiff, Highmark, Inc., files this Opposition to Defendant's Motion to Amend the Pretrial Schedule and asks the Court not to extend the time for the defendant to file its expert reports by thirty-two days.

First, the schedule has been extended five times, both with and without Highmark's agreement, to accommodate the defendant. Specifically, the schedule has been extended over two months for the defendant to prepare its motion for summary judgment and another two months to allow the defendant to obtain additional fact discovery "in preparation for trial." For the reasons set forth below, another extension for the defendant is unjustified.

Virtually all of the fact discovery in this case has concerned the valuation of the contracts for which Highmark is claiming a deduction. In October 2006, Highmark began the steady and voluminous flow of information to the defendant in response to its discovery requests. By the end of January 2007, Highmark had answered 25 interrogatories and 52 requests for admission and had produced about 25,000 pages of documents, as well as 14 electronic files too large to

produce in paper, in response to 17 requests for the production of documents (not including subparts). By the end of May 2007, prior to Highmark's scheduled 30(b)(6) deposition, Highmark had responded to an additional 63 requests for admissions and had produced over 9,000 additional pages of documents and 27 additional electronic files in response to 16 requests for the production of documents (not including subparts). Highmark has since responded to an additional 10 interrogatories (not including subparts) and has produced over 4,000 additional pages of documents, over 60 additional electronic files, and thousands of emails. Further, despite no obligation to do so, Highmark has been responsive to the defendant's many informal discovery requests. For example, the defendant sent Highmark a 7-page letter with questions to supplement its discovery requests and 30(b)(6) deposition questions, to which Highmark responded comprehensively with a 15-page letter.

Additionally, by August 16, 2007 (less than a week after the proposed due date by the defendant), Highmark produced 2008 of the 2704 electronic files comprising the work papers of Highmark's expert, and four days later produced thousands of emails and almost 20,000 pages of paper documents.

Furthermore, on June 6 and 7, 2007, the defendant took two full days of 30(b)(6) deposition testimony from three Highmark witnesses. The defendant's experts attended these depositions and provided questions to the Government's counsel about the existence of certain data and the validity and reliability of other Highmark data, the issues the defendant now claims it needs more time to evaluate.

Since this case was filed, it has been clear that there is only one factual issue – the value of the contracts for which Highmark is claiming a deduction – and that the defendant needs to submit its own report valuing these contracts. *See Capital Blue Cross v. Commissioner*, 431

F.3d 117 (3d Cir. 2005). For nearly a year Highmark has given the defendant any and all information it has requested from Highmark on this issue. Yet the defendant now claims it needs more time to complete its valuation report. The defendant has had ample time for discovery of all issues related to the value of the contracts at issue and Highmark is entitled to see the defendant's experts' valuation reports in accordance with the schedule. Fairness to Highmark requires that this case not be postponed more than it already has been.

WHEREFORE, Highmark prays that the Defendant's Motion to Amend the Pretrial Schedule be denied.

Respectfully submitted,

/s/ Arthur Newbold
ARTHUR NEWBOLD
Attorney of Record
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone: (215) 994-2624
Fax: (215) 655-2624

Counsel for plaintiff

Date: September 26, 2007

Of counsel:

Frederick J. Gerhart
David N. Sontag
Jeffrey Boles
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document has, this 26th day of September, 2007, been made on the defendant's attorney electronically and by mailing a copy to the following address:

Karen E. Servidea, Esquire
U.S. Department of Justice
Tax Division Court of Federal Claims Section, JCB/8804
555 4th Street, N.W.
Washington, D.C. 20001

David N. Sontag