IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HIGHMARK, INC., SUCCESSOR IN INTEREST TO PENNSYLVANIA BLUE SHIELD AND SUBSIDIARIES, | ) | |
| Plaintiff, | ) | No. 05-1030 T |
| | ) | (Judge Margolis) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO AMEND THE PRETRIAL SCHEDULE

Defendant, the United States, files this reply to plaintiff's opposition to defendant's motion to amend the pretrial schedule.

Defendant respectfully requests that the Court amend the pretrial schedule to enlarge the time for defendant to file its expert reports by thirty-two days. As explained in our original motion, defendant needs such additional time because of the substantial amount of time it has taken defendant's experts to decipher the work performed by plaintiff's expert. Because the work performed by plaintiff's expert included the development of facts – *i.e.*, through the compilation, merger, and manipulation of data from various of plaintiff's databases – that are both foundational to plaintiffs' right to a refund, and necessary to determine the value of plaintiffs' contracts, the failure of plaintiff's expert to explain his analysis – either in his report, in an organized directory of workpapers, or at his deposition – has significantly hindered defendant's efforts to develop its own valuation report.

In response to defendant's motion, plaintiff observes that there have already been extensions of time granted in this case. In addition to being inaccurate,[1] plaintiff's account does nothing to address the justification for defendant's current motion. Plaintiff does not deny that it did not provide defendant key factual information – *e.g.*, a comprehensive list of the contracts that existed on January 1, 1987, their attributes, and termination dates – until the submission of plaintiff's expert report on July 20, 2007.[2] Nor does plaintiff deny that its expert report omitted detailed descriptions of important parts of the expert's analysis or that such omission forced defendant to spend exorbitant amounts of time searching through the more than 20,000 unorganized pages of the expert's workpapers in what amounted to a needle-in-a-haystack exercise.

Similarly, plaintiff's log of its prior responses to defendant's discovery requests does not support plaintiff's objection to the instant motion. First, defendant has not asked for leave to conduct additional discovery. Second, because of plaintiff's reliance on its expert and his team to develop the factual aspects of this case, many of defendant's prior discovery efforts were futile. For example, after receiving dozens of Access databases, Excel spreadsheets, and text files, containing millions of data records from plaintiff, defendant noticed a Rule 30(b)(6)

---

[1]By defendant's count, the schedule was amended twice for a total of sixty days on account of plaintiff's delays in responding to defendant's discovery requests. *See* Docket Nos. 15, 16, 20, 21. The schedule was amended an additional time to allow defendant an extra fourteen days to prepare its motion for summary judgment, and another time to allow plaintiff an extra fourteen days to prepare its response to defendant's motion for summary judgment. *See* Docket Nos. 22, 26. Finally, it was amended last on April 10, 2007, to allow defendant an additional sixty days for fact discovery. *See* Docket Nos. 34, 41.

[2]As noted in defendant's motion, even that list is not complete insofar as it contains contracts that plaintiff has conceded terminated before January 1, 1987.

deposition, requesting that plaintiff produce a witness who would be able to explain the nature and meaning of the contents of the data files. The witness plaintiff produced, however, was so ignorant respecting the files and the data that plaintiff agreed to allow defendant to depose additional witnesses. In retrospect, it is apparent that only someone from plaintiff's expert team could have answered the questions defendant listed in the deposition notice.[3] These wasted discovery efforts not only squandered defendant's resources, but also consumed large portions of the time that defendant should have had to prepare its own valuation report.

Finally, if at all relevant, the volume of the data and documentation produced by plaintiff underscores the complexity of this case and demonstrates why the requested enlargement is necessary. Plaintiff apparently believes that the complexity of this case should work to its advantage. Plaintiff and its experts have had years of unlimited access to the data and information underlying plaintiff's claims and, no doubt, could have been ready for trial within a few months of filing its complaint. Defendant, of course, is in a very different position and, to the extent that the pretrial schedule does not change to accommodate unforeseen complexities that develop during the course of discovery, it intensifies the disadvantage already inherent in defendant's position. Plaintiff provides no reason why the parties' inability to foresee the unique discovery issues that would arise or to accurately predict how much time they would need for each phase of discovery entitles plaintiff to such an advantage.

WHEREFORE, defendant respectfully requests that the Court grant this motion.

---

[3]Indeed, with respect to several files, the 30(b)(6) witness's only knowledge was that the file was created by, or at the request of, the expert's team. (For example: "Q: How did you identify the accounts [in a particular file] in the first place? A: The valuation team [Deloitte Consulting] had provided a list. Q: And you don't know how they came up with the list? A: No. They provided a list and they said see if – ask the reviewers to see if it's on this list.")

Respectfully submitted,

s/ Karen Servidea
KAREN SERVIDEA
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3423

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
W.C. RAPP
Senior Trial Attorney

September 27, 2007
Date

s/ W.C. Rapp
Of Counsel